Lauri SMITH and Howard
Smith, Petitioners,

v.

PATRICK W.Y. TAM TRUST,
Respondent.

No. 07–0970.

Supreme Court of Texas.

Oct. 23, 2009.

Robert D. Ranen, Ranen & Netzer, LLP, Plano, TX, for Petitioner.

Scott E. Hayes, Michael Wayne Massiatte, Vincent/Moye, P.C., Dallas, TX, for Respondent.

Chief Justice JEFFERSON delivered the opinion of the Court.

The reasonableness of attorney's fees is generally an issue for the trier of fact. In *Ragsdale v. Progressive Voters League,* however, we held that a court may award attorney's fees as a matter of law when the testimony on fees " 'is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon.' " *Ragsdale,* 801 S.W.2d 880, 882 (Tex.1990) (quoting *Cochran v.*

*Wool Growers Cent. Storage Co.,* 140 Tex. 184, 166 S.W.2d 904, 908 (1942)). We must decide whether *Ragsdale* authorizes a court to award fees as a matter of law when a jury awards roughly one-third of the damages sought and no attorney's fees. Because, under such circumstances, a court's award of the full amount of fees sought is unreasonable, we reverse in part the court of appeals' judgment and remand to the trial court for a new trial on attorney's fees.

## I

### Factual and Procedural Background

The Patrick W.Y. Tam Trust owns a shopping center in Collin County. The Trust leased space to Independent Quality Wholesale, Inc. d/b/a Plano Pets & Grooming, with Lauri and Howard Smith as guarantors. When Plano Pets stopped making payments, the Trust sued Plano Pets [1] and the Smiths, seeking $215,391.50 in damages and $47,438.75 in attorney's fees.

At trial, Scott Hayes, the Trust's attorney, testified that a reasonable fee for the preparation and trial of the case would be $47,438.75, plus $15,000 for appeals, for a total of $62,438.75. To support his testimony, Hayes offered the legal bills of several other attorneys in his firm. The Smiths unsuccessfully objected that the bills were hearsay but did not otherwise challenge the Trust's evidence.

The jury found the Smiths liable and awarded the Trust $65,000 in damages but no attorney's fees. The Trust moved to enter judgment on the jury's liability and damages answers and to disregard the jury's refusal to award attorney's fees. The trial court rendered judgment that the Trust receive the $65,000 the jury awarded, and rendered judgment notwithstand-

---

1. The Trust nonsuited Plano Pets after the     company filed bankruptcy.

ing the verdict on attorney's fees: $7,500 for fees incurred through trial and up to $15,000 in attorney's fees for success at various stages of appeal. Both sides appealed.

The court of appeals vacated the $7,500 attorney's fee award and rendered judgment for $47,438.75 instead, holding that "[b]ecause the Trust presented competent, uncontroverted evidence of its right to attorney's fees and because the Smiths did not challenge the amount, nature, or necessity of these fees ... the trial judge abused his discretion in awarding $7,500." 235 S.W.3d 819, 828 (citing *Ragsdale*, 801 S.W.2d at 881). The court of appeals affirmed the remainder of the judgment. *Id.* at 829. We granted the Smiths' petition for review. 51 Tex. Sup.Ct. J. 980, 987 (June 9, 2008).

## II

### Discussion

■■■ "A person may recover reasonable attorney's fees ... in addition to the amount of a valid claim and costs, if the claim is for ... an oral or written contract." TEX. CIV. PRAC. & REM.CODE § 38.001(8). If attorney's fees are proper under section 38.001(8), the trial court has no discretion to deny them. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex.1998) (holding that statutes providing that a party "may recover" attorney's fees are not discretionary). Generally, the party seeking to recover attorney's fees carries the burden of proof. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex.1991).

■■■ The reasonableness of attorney's fees is ordinarily left to the factfinder, and a reviewing court may not substitute its judgment for the jury's. *Barker v. Eckman*, 213 S.W.3d 306, 314 (Tex.2006); *Ragsdale*, 801 S.W.2d at 881. In *Ragsdale*, we held that "[i]n awarding attorney's fees the trial court, as the trier of fact, must take into account various factors

such as: the nature and complexity of the case; the nature of the services provided by counsel; the time required for trial; the amount of money involved; the client's interest that is at stake; the responsibility imposed upon counsel; and the skill and expertise required." *Ragsdale*, 801 S.W.2d at 881. We noted that generally, "'the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury.'" *Id.* at 882 (quoting *Cochran*, 166 S.W.2d at 908). But we recognized that there was "'an exception to this rule, which is that where the testimony of an interested witness is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law.'" *Id.* (quoting *Cochran*, 166 S.W.2d at 908). "The court, as a trier of fact, may award attorneys' fees as a matter of law in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Id.* Because the attorney's fees evidence met those requirements, we rendered judgment for $22,500 in attorney's fees and affirmed the $40,000 damages award. *Id.*

Relying on *Ragsdale*, the court of appeals in this case rendered judgment as a matter of law, holding that the Trust's attorney's fee evidence was competent, uncontroverted, and unchallenged. 235 S.W.3d at 828–29. But *Ragsdale* recognized that its rule would not apply whenever attorney's fees testimony is undisputed:

[W]e do not mean to imply that in every case when uncontradicted testimony is offered it mandates an award of the amount claimed. For example, even though the evidence might be uncontradicted, if it is unreasonable, incredible,

or its belief is questionable, then such evidence would only raise a fact issue to be determined by the trier of fact. *Ragsdale*, 801 S.W.2d at 882. We also cautioned that the factfinder had to consider "the amount of money involved." *Id.* at 881; *see also Wayland v. City of Arlington*, 711 S.W.2d 232, 233 (Tex.1986) ("One of the factors in determining the reasonableness of attorney's fees is the amount of damages awarded."). Seven years later, we added a corollary: the factfinder should consider "the amount involved and the results obtained," among other things. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex.1997).

Here, the Trust sought over $200,000 in damages, but the jury awarded only $65,000. The Trust asked for a maximum of $62,438.75 in attorney's fees; the jury awarded nothing. The court of appeals held that fees were established as a matter of law. *See Ragsdale*, 801 S.W.2d at 882. But the fee, though supported by uncontradicted testimony, was unreasonable in light of the amount involved and the results obtained, and in the absence of evidence that such fees were warranted due circumstances unique to this case. *Cf. Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (holding that " 'the degree of the plaintiff's overall success goes to the reasonableness' of a fee award" and " 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' ") (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 793, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989); *Hensley v. Eckerhart*, 461 U.S. 424, 436, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). Although the Trust sought some $215,000 in damages, the jury found that "the amount involved" was much lower—$65,000. The jury then decided that the Trust was entitled to no fees (which must be reversed for reasons explained below).

The Trust complains that the Smiths' failure to request a jury instruction on the *Arthur Andersen* factors waives their right to complain about the fee award. But the jury's fee award is not at issue here. The court of appeals awarded the full amount requested, despite the jury's rejection of a substantial portion of the damages sought. Those fees, even though supported by uncontradicted testimony, may not be awarded by a court as a matter of law.

We have held that the *Arthur Andersen* factors apply to fee awards made by trial courts, not just juries. *Young v. Qualls*, 223 S.W.3d 312, 314 (Tex.2007). We see no reason why they would not apply—as the *Ragsdale* factors do—to an appellate court's assessment of whether fees were established as a matter of law. Because the fee is unreasonable in light of the amount involved and the results obtained, the evidence did no more than raise a fact issue to be decided by the jury. *See Ragsdale*, 801 S.W.2d at 882.

The jury, however, awarded nothing. Although it could have rationally concluded that, in light of the amount involved and the results obtained, a reasonable fee award was less than the full amount sought, no evidence supported the jury's refusal to award any attorney's fees (as the court of appeals correctly noted). 235 S.W.3d at 829. The trial court could have directed the jury to reform its verdict, *see* Tex.R. Civ. P. 295, but the court was not free to set a reasonable fee on its own. Accordingly, the Smiths are entitled to a new trial on attorney's fees.

On retrial, the evidence may support a similar fee award, but that is a matter within the jury's purview. *See Young*, 223 S.W.3d at 315 ("It may be that, upon consideration of the correct results obtained, this evidence would be factually sufficient to support a like fee award."). On this record, the Trust is not entitled to its fees

as a matter of law. Because the court of appeals concluded otherwise, we reverse its judgment as to attorney's fees and remand that part of the case to the trial court for a new trial. TEX.R.APP. P. 60.2(d).