**Reversed and Remand and Opinion Filed July 7, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00577-CV

### JOSE G. GARCIA, Appellant
### V.
### FABRICIO & MICHELE SOLORIO, Appellees

**On Appeal from the 160th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-10644**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

Jose G. Garcia appeals the trial court's judgment awarding him $9167.51 in damages but awarding zero attorney's fees. In a single issue, Garcia argues the trial court erred in failing to award him attorney's fees. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

In August 2011, Fabricio and Michele Solorio sued Garcia, alleging the Solorios and Garcia were the "governing persons" of TFC Group, L.L.C., and they were "deadlocked in the management of the entity's affairs." Because of the deadlock, the Solorios alleged the property, contracts, and assets of TFC were being misapplied or wasted. The Solorios requested the appointment of a receiver, a temporary injunction, and a permanent injunction. The litigation proceeded, resulting in the appointment of a receiver in September 2011. In January 2012, the

parties entered a Rule 11 agreement setting forth the manner in which TFC's remaining business would be distributed and its business affairs wound up. Among other things, the agreement conveyed to Solorio the rights to TFC's name, website, and email in exchange for $35,000. In June 2012, the receiver submitted his report indicating the Solorios owed Garcia $9167.51. However, the Solorios did not pay, and the trial court held a trial on this breach of the settlement agreement. At trial, Garcia's attorney testified Garcia had incurred $75,000 in legal expenses since the inception of the lawsuit, $25,000 of which was incurred since June 2012 when the receiver submitted his report. Following the trial, the trial court entered judgment in favor of Garcia awarding him $9167.51 in actual damages but awarding him zero attorney's fees. This appeal followed.

In a single issue, Garcia argues the trial court erred in failing to award attorney's fees. Garcia points to the trial court's findings of fact that the Solorios failed to comply with the parties' agreement and Garcia suffered damages in the amount of $9167.51 as a result. Garcia argues this breach of contract entitled him to the award of attorney's fees.

A person may recover reasonable attorney's fees . . . In addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract. Tex. Civ. Prac. & Rem. Code §38.001(8). If attorney's fees are proper under section 38.001(8), the trial court has no discretion to deny them. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009) (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). Garcia presented evidence on attorney's fees at trial. We note Garcia's recovery was $9167.51 in actual damages. One of the factors in determining the reasonableness of attorney's fees is the amount of damages awarded. *Id.* at 548. We leave this determination to the trial court. *See id.* We sustain Garcia's issue.

We reverse the trial court's judgment to the extent it fails to award attorney fees and remand this cause to the trial court for new trial on the issue of attorney fees.

130577F.P05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOSE G. GARCIA, Appellant

No. 05-13-00577-CV          V.

FABRICIO & MICHELE SOLORIO,
Appellee

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. 11-10644.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for new trial on the issue of attorney's fees.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered July 7, 2014