Opinion filed August 7, 2014



In The

# Eleventh Court of Appeals

_____

### No. 11-12-00256-CV

_____

## ALLEN CANNON, INDIVIDUALLY AND D/B/A BLACK ANGUS CONSTRUCTION, Appellant

## V.

## RICHARD CASTILLO, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-122,387**

## M E M O R A N D U M   O P I N I O N

This is a breach of contract case in which damages were awarded to the plaintiff homeowner, Richard Castillo. Castillo brought suit against the defendant contractor, Allen Cannon, individually and d/b/a Black Angus Construction, based upon a written agreement entered into by the parties for the remodeling of

Castillo's home after it was damaged by a fire. Castillo alleged various causes of action[1] and sought compensatory damages, additional damages under the DTPA, exemplary damages, and attorneys' fees. The only cause of action submitted to the jury was breach of contract. The jury found that Cannon breached the contract, that Castillo sustained $39,000 in damages, and that $36,000 was a reasonable amount for Castillo's attorneys' fees. The trial court entered judgment in accordance with the jury's verdict. We affirm in part and reverse and remand in part.

## Issues

Cannon presents fifteen issues on appeal, all of which relate to the award of damages and attorneys' fees.[2] In the first and second issues, Cannon challenges the legal and factual sufficiency of the evidence to support the award for remedial damages for the costs of repairs to the home. In his third, fourth, and fifth issues, Cannon contends that mental anguish damages are not available for breach of contract and that the evidence is legally and factually insufficient to support any award for mental anguish. In the next six issues, Cannon similarly challenges the award of damages for physical impairment and the award of damages for loss of use. In his final four issues, Cannon complains that Castillo was not entitled to recover attorneys' fees and that the evidence was legally and factually insufficient to show that $36,000 was a reasonable amount for attorneys' fees.

## Background

After Castillo's home was damaged by a fire, he entered into a written agreement with Cannon for specific repairs to the home at an agreed price of

---

[1]In addition to breach of contract, Castillo alleged the following in his petition: violations of the Deceptive Trade Practices-Consumer Protection Act (DTPA), TEX. BUS. & COM. CODE ANN. §§ 17.41–.63 (West 2011 & Supp. 2013); breach of express and implied warranties; fraud; conversion; unjust enrichment; and estoppel.

[2]We note that Cannon appeared pro se at trial but is represented by counsel on appeal. We also note that Castillo has not filed an appellee's brief in this appeal.

$32,900, which was to be paid one-third up front, one-third upon 50% completion, and one-third upon final completion. Castillo testified that he made the first and second payments to Cannon in accordance with the contract but that he did not make the final payment to Cannon because Cannon did not complete the work. Castillo took numerous pictures of his home that showed the condition in which Cannon left the project. The pictures were admitted into evidence as exhibits. Castillo testified that Cannon not only failed to complete the project but also performed in a subpar manner. According to Castillo, "[S]ome of the work that [Cannon] had done was not done right and it was falling apart." Included in the faulty work were the following: lack of supports in the attic, faulty electrical wiring, damaged bricks, and an incorrectly installed patio door. Castillo testified that he had contacted contractors and had been informed that "[i]t is going to take about $16,000.00" to finish the project and "get[ ] it like it ought to be." Castillo also testified regarding the fees charged by his attorneys in connection with this lawsuit.

Cannon disputed Castillo's allegations regarding Cannon's performance of the contract. According to Cannon, the initial quote for repairs was $56,000, but after Castillo told Cannon that he could not afford that price, they worked out a contract that Castillo could afford. Cannon testified, "We finished the job according to our contract."

*Preservation of Issues on Damages*

In his first, fourth, seventh, and tenth issues, Cannon challenges the legal sufficiency of the evidence to support the jury's award of damages. In a case tried to a jury, an argument that the evidence is legally insufficient to support a finding can be preserved for appeal in one of five ways: (1) a motion for directed verdict, (2) a motion for judgment notwithstanding the verdict, (3) an objection to the submission of the issue to the jury, (4) a motion to disregard the jury's answer, or

3

(5) a motion for new trial. *Aero Energy, Inc. v. Circle C Drilling Co.*, 699 S.W.2d 821, 822 (Tex. 1985); *Daniels v. Empty Eye, Inc.*, 368 S.W.3d 743, 748–49 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). Cannon did not file a motion for directed verdict or a motion for judgment notwithstanding the verdict, nor did he object to the submission of any issue to the jury. Cannon filed a postjudgment letter in which he stated, in part: "I am objecting to the final order of proposed judgment in the above case. I am objecting to the attorney's fees based on lack of evidence." Cannon's only complaint in that letter related to attorneys' fees. Because Cannon did not complain about the jury's award of remedial damages, mental anguish damages, physical impairment damages, or loss-of-use damages, he did not preserve his first, fourth, seventh, and tenth issues for review on appeal. *See Aero Energy*, 699 S.W.2d at 822. We overrule these issues.

In his second, fifth, eighth, and eleventh issues, Cannon challenges the factual sufficiency of the evidence to support the jury's award of damages. Cannon, however, has failed to preserve these issues for our review because he did not urge any such complaint in a motion for new trial. "A point in a motion for new trial is a prerequisite to" an appellate complaint challenging the factual sufficiency of the evidence to support a jury finding. TEX. R. CIV. P. 324(b). Cannon's postjudgment letter complained only of the award of attorneys' fees; he did not assert that the evidence was insufficient to support any other jury finding. Because he has not met the Rule 324(b) prerequisite, we overrule the second, fifth, eighth, and eleventh issues in which Cannon challenges the factual sufficiency of the evidence as to remedial damages, mental anguish damages, physical impairment damages, and loss-of-use damages.

In the third issue, Cannon contends that mental anguish damages were not available to Castillo because the only theory of recovery submitted to the jury was breach of contract. In his sixth and ninth issues, Cannon contends that Castillo

4

may not recover special damages, such as damages for physical impairment and loss of use, because Castillo failed to include a claim for these special damages in his pleadings. *See* TEX. R. CIV. P. 56. Pursuant to the court's charge to the jury in this case, upon answering "Yes" to the question asking whether Cannon breached the contract, the jury was asked to determine Castillo's damages and was instructed to consider the following elements: (1) cost to repair the property, (2) mental anguish and physical impairment, and (3) loss of use. Cannon did not object to the jury charge or to the inclusion of mental anguish, physical impairment, or loss of use in the charge. Consequently, Cannon has not preserved these complaints for review. *See* TEX. R. CIV. P. 274; TEX. R. APP. P. 33.1(a); *see also Willis v. Donnelly*, 199 S.W.3d 262, 275 (Tex. 2006) (stating that a complaint about a defective jury instruction is waived unless specifically included in an objection to the charge); *Brown v. Am. Transfer & Storage Co.*, 601 S.W.2d 931, 938 (Tex. 1980) (holding that, if an objection to jury charge based upon variance between pleadings and proof is not a distinct and specific objection, it is waived). The third, sixth, and ninth issues are overruled.

*Attorneys' Fees*

In his final four issues, Cannon challenges the jury's award of $36,000 to Castillo for his attorneys' fees. In the twelfth issue, Cannon contends that Castillo was not entitled to recover attorneys' fees because the evidence was legally and factually insufficient to sustain an award for remedial or special damages. In the next issue, Cannon argues that Castillo was barred from recovering his attorneys' fees because Castillo failed to plead and prove presentment of his breach of contract claim. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.002(2) (West 2008). As we held above, Cannon failed to preserve any complaint with respect to the sufficiency of the evidence to support the award of damages. Because we do not hold that the evidence is insufficient to support the damages award, we cannot

reverse the award of attorneys' fees on that basis. Furthermore, Cannon did not complain in the trial court of any failure on the part of Castillo to plead and prove presentment of his breach of contract claim. Because he did not raise the issue of presentment in the trial court, he did not preserve it for review. *See* TEX. R. APP. P. 33.1(a); *Dumler v. Quality Work by Davidson*, No. 14-06-00536-CV, 2008 WL 89961, at *6 (Tex. App.—Houston [14th Dist.] Jan. 10, 2008, no pet.) (mem. op.) (holding that error in presentment was not preserved when raised for the first time on appeal). We overrule Cannon's twelfth and thirteenth issues.

In his final two issues, Cannon challenges the legal and factual sufficiency of the evidence to support the award of $36,000 for attorneys' fees. The record shows that Cannon challenged the award of attorneys' fees in his postjudgment letter, which we construe liberally to be a timely filed motion for new trial or a motion to modify the judgment. In that letter, Cannon complained of the lack of evidence to support attorneys' fees. He stated that Castillo's trial attorney had not testified and that no billing records had been submitted at trial. Therefore, Cannon preserved his final two issues for review.

Cannon asserts that Castillo failed to introduce any expert testimony regarding the reasonableness of his attorneys' fees or any evidence required by Rule 1.04(b) of the Texas Disciplinary Rules of Professional Conduct. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04(b), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G, app. A (West 2013) (Tex. State Bar R. art. X, § 9). The record shows that the only evidence regarding attorneys' fees came from the testimony of Castillo. Castillo testified that he had originally hired the Shafer Law Firm to represent him in this case, that he had paid the firm "about $4,000," and that he still owed the firm "[a]bout another $11,000." Castillo said that, when he ran out of money to pay the fees, the Shafer Law Firm "quit." Castillo then hired Lawrence Barber, Jr., the attorney who represented Castillo at trial. Barber asked

the following question of Castillo at trial: "And you are not familiar with the legal fees, but as far as you know, that [referring to the $15,000 charged by the Shafer Law Firm] is reasonable; is that correct?" Castillo answered affirmatively and then agreed that he had no prior experience as a lawyer. Castillo also testified that he had a contingency fee contract with Barber for "a third of anything" Castillo recovered. Castillo answered affirmatively when asked if he felt like that was fair. Castillo's attorneys did not testify at trial, nor was any documentary evidence regarding attorneys' fees offered at trial.

"A person may recover reasonable attorney's fees . . . , in addition to the amount of a valid claim and costs, if the claim is for" the breach of "an oral or written contract." CIV. PRAC. & REM. § 38.001(8) (West 2008). As a general rule, the party seeking to recover attorney's fees carries the burden of proof. *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009). If attorney's fees are proper under Section 38.001(8), a trial court has no discretion to deny them. *Id.* Ordinarily, the reasonableness of such fees is a question of fact for the factfinder, and a reviewing court may not substitute its judgment for that of the jury. *Id.* However, if the testimony about attorney's fees is not contradicted and is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, the testimony is taken as true, as a matter of law. *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990).

Factors that a factfinder should consider when determining the reasonableness of a fee include the following: the nature and complexity of the case, the nature of the services provided by counsel, the time required for trial, the amount of money involved, the client's interest that is at stake, the responsibility imposed upon counsel, the skill and expertise required, and the results obtained. *Smith*, 296 S.W.3d at 547–48 (citing *Ragsdale*, 801 S.W.2d at 881, and *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)); *see also*

7

TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04(b). The fee customarily charged in the locality for similar legal services and the type of fee being charged—fixed or contingent—may also be considered. TEX. DISCIPLINARY RULES PROF'L CONDUCT R. 1.04(b)(3), (8).

Castillo was entitled to recover reasonable attorneys' fees pursuant to Section 38.001(8), but he had the burden to show that the fees requested were reasonable. He failed to meet that burden. Castillo presented some evidence, through his testimony, as to the amount of fees he had paid and the amount he owed. However, he presented no evidence as to any of the factors outlined above to show the reasonableness of the fees and no evidence that the fees charged were the usual and customary attorneys' fees charged in a suit for breach of contract. *See* CIV. PRAC. & REM. §§ 38.001(8), 38.003. We hold that the evidence is legally, and thus factually, insufficient to support the jury's finding as to attorneys' fees. We sustain Cannon's fourteenth and fifteenth issues.

Although we hold that the evidence in support of the jury's award of attorneys' fees is legally insufficient, we are unable to render judgment that Castillo take nothing as to attorneys' fees because Cannon preserved his legal sufficiency challenge by way of his postjudgment letter (motion for new trial/motion to modify). Cannon did not raise this issue in a motion for instructed verdict, a motion for judgment notwithstanding the verdict, an objection to the submission of a jury issue, or a timely motion to disregard the jury's answer; therefore, Cannon is entitled only to a remand, not to a rendition. *See Horrocks v. Tex. Dep't of Transp.*, 852 S.W.2d 498, 498–99 (Tex. 1993); *Brown v. Traylor*, 210 S.W.3d 648, 659 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

### This Court's Ruling

We reverse the judgment of the trial court insofar as it awarded $36,000 in attorneys' fees to Castillo, and we remand the issue of attorneys' fees to the trial

court for further proceedings.[3]   We affirm the judgment of the trial court in all other respects.


JOHN M. BAILEY

JUSTICE


August 7, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

---

[3]TEX. R. APP. P. 44.1(b) prohibits a separate trial solely on unliquidated damages if liability is contested.  The amount of unliquidated attorney's fees is not considered unliquidated damages for purposes of Rule 44.1(b).  *Brown*, 210 S.W.3d at 659 n.15.  Accordingly, a remand for new trial solely on the amount of attorney's fees is permitted.  *Id.*