Opinion issued June 15, 2021



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-19-00529-CV

_____

**THE IOLA BARKER AND JAMES TRICE, Appellants**

**V.**

**MONICA HURST AND SCOTT MARTINDALE, Appellees**

---

On Appeal from the 12th District Court
Grimes County, Texas
Trial Court Case No. 34,116

---

## DISSENTING OPINION

The Iola Barker and James Trice sought roughly $73,000 in attorney's fees after obtaining dismissal of the suit against them under the Citizen's Participation Act. They contend the trial court abused its discretion by awarding only $16,000,

and the majority agrees, reversing and remanding for a redetermination of fees. Because I do not agree that the trial court abused its discretion, I respectfully dissent.

## Standard of Review

When a trial court dismisses a suit under the Citizens Participation Act, it must award reasonable attorney's fees. TEX. CIV. PRAC. & REM. CODE § 27.009(a)(1); *Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016). But the reasonableness of fees is a matter entrusted to the trial court's discretion, and we review its award solely for an abuse of that discretion. *Fort Worth Transp. Auth. v. Rodriguez*, 547 S.W.3d 830, 850 (Tex. 2018). Thus, we may overturn the trial court's decision only if it is arbitrary or unreasonable. *Hill v. Shamoun & Norman*, 544 S.W.3d 724, 742 (Tex. 2018). Under this standard, we cannot reverse the trial court's award merely because we would have awarded a different amount of fees. *See Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011) (abuse of discretion standard of review insulates trial court's reasonable decisions from appellate second-guessing).

## Discussion

The majority reaches its result by applying the following syllogism:

(1) the Barker and Trice put on sufficient evidence to show that their request for $73,000 in attorney's fees is presumptively reasonable;

(2) opposing counsel's testimony to the contrary is conclusory and thus does not undermine the presumptive reasonableness of the fee request; and

(3) therefore, the trial court abused its discretion by awarding only $16,000, an amount substantially lower than the Barker and Trice sought.

The error in the majority's syllogism is that it treats the trial court as if it is bound to award the fee requested, or something substantially close to it, whenever the requesting party submits uncontradicted evidence of reasonableness. This is not the case. The trial court need not award the full amount of fees requested even if the evidence submitted in support is undisputed. *Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 547–48 (Tex. 2009). Undisputed evidence of the reasonableness of fees is some evidence that the amount is in fact reasonable, but this evidence is not conclusive. *Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010).

We must be mindful that trial courts are experts on the reasonableness of fees. *McMahon v. Zimmerman*, 433 S.W.3d 680, 693 (Tex. App.—Houston [1st Dist.] 2014, no pet.). They may rely on their common knowledge and experience as lawyers and judges in evaluating the reasonableness of fee requests. *Id.* In addition, trial courts are not confined to consideration of the evidence submitted by the parties; rather, they may consider the entire record when evaluating fee requests. *Id.*

Here, the record shows that the trial court had reasonable grounds to reduce the fee requested by the Barker and Trice. Monica Hurst and Scott Martindale sought less than $100,000 by way of their suit for injunctive relief and defamation, which rested on uncomplicated factual allegations. After an interlocutory appeal to this court, the trial court dismissed their claims under the Citizens Participation Act. Given that the Barker and Trice incurred fees almost as large as the alleged damages

3

to defend a simple suit that did not survive a motion to dismiss, the trial court could have reasonably found that a reduction in the amount of fees they requested was appropriate. *See Rohrmoos Venture v. UTSW DVA Healthcare*, 578 S.W.3d 469, 491 (Tex. 2019) ("novelty and difficulty of questions" bears on reasonableness); *Smith*, 296 S.W.3d at 547 ("amount of money involved" bears on reasonableness).

In addition, the trial court could have reasonably found the Barker and Trice's justification for its fee amount somewhat unpersuasive. For example, their fee expert, Thomas S. Leatherbury, submitted an affidavit in which he essentially opined that motions to dismiss under the Citizens Participation Act, as well as any related appellate briefs, are unusually complex and time-consuming. The trial court, however, could have reasonably disagreed with this assessment in general or found it inapt here given the expertise and experience of the Barker and Trice's counsel. As Leatherbury noted, their principal lawyer "was involved in the passage of the TCPA," "has written and spoken on the TCPA," and "is known as an attorney who has successfully invoked the TCPA in numerous cases." Just as it is appropriate for a trial court to consider an attorney's skill and expertise in evaluating the reasonableness of her billing rate, the trial court may also reasonably expect that skill and expertise to enable the attorney to accomplish more in less time. *Rainey v. Philadelphia Hous. Auth.*, 832 F. Supp. 127, 130 (E.D. Pa. 1993). Indeed, trial courts possess the discretion to significantly reduce the amount of fees awarded when, in

their professional judgment, experienced counsel should have been more efficient. *E.g.*, *Microsoft Corp. v. United Comput. Res. of New Jersey*, 216 F. Supp. 2d 383, 392–93 (D.N.J. 2002) (reducing hours billed by two senior attorneys by half).

The majority's syllogism notwithstanding, it more or less concedes that the trial court was entitled to award less in fees than the Barker and Trice requested. In passing, the majority acknowledges that "even if a fee claimant's testimony is uncontroverted, a trial court is not obligated to award the requested amount," "the trial court could have reasonably applied some reduction to the attorney's fee awards based" on considerations like the amount in controversy, and the Barker and Trice "were not necessarily entitled to recover all of their requested attorney's fees."

The majority nonetheless reverses and remands because the trial court's reduced award "bears no relationship to the uncontroverted evidence of attorney's fees incurred." In defense of its holding, the majority explains:

> The record shows that this case began in 2017, and appellants immediately moved for dismissal. They have since spent 4 years disposing of the claims against them and recovering mandatory statutory attorney's fees. The trial court's award to them of "attorney's fees, court costs and expenses" of $9,000 against Martindale and $7,000 against Hurst represents (less appellants' evidence of costs incurred) just 17% of appellants' evidence of attorney's fees incurred. That is, their award was reduced to approximately $1,600 in attorney's fees per appellant, per year.

This explanation is unconvincing. As the majority says, the Barker and Trice moved for dismissal soon after suit was filed. Doing so suspended all discovery until

the trial court ruled. TEX. CIV. PRAC. & REM. CODE § 27.003(c). So apart from motion practice related to their motion to dismiss, little happened in the trial court. While the suit has been pending for four years, most of that time has passed in the court of appeals. The prior interlocutory appeal took about a year from notice of appeal to mandate. This appeal has taken almost two years so far. Overall, the Barker and Trice have spent most of the last four years waiting on courts to rule, not actively litigating Hurst's and Martindale's claims. Thus, the majority's denigration of the trial court's award as a paltry $3,200 per year is meaningless. The reasonableness of a fee award cannot be measured by mere reference to the number of years the suit languished in the courts without regard to what took place during that time.

Nor is it meaningful that the trial court merely awarded 17 percent of the fees requested. The reasonableness of attorney's fees cannot be decided by the application of a mechanical formula. *Star Houston v. Kundak*, 843 S.W.2d 294, 299 (Tex. App.—Houston [14th Dist.] 1992, no writ). A percentage reduction of this magnitude is not uniformly inappropriate. *E.g.*, *McMahon*, 433 S.W.3d at 693–94 (trial court reduced fee from $72,810 to $6,000). The trial court must decide what is reasonable on a case-by-case basis based on the particular facts before it.

So, why is awarding 17 percent of the fee requested unreasonable here? The majority never says, apart from indicating that a trial court generally cannot stray too far from the amount requested when it is supported by uncontradicted, albeit

non-conclusive, evidence of reasonableness. But the proper exercise of discretion requires the trial court to independently assure itself of the request's reasonableness, not act as a rubber stamp approving all or close to the amount requested. *McGibney v. Rauhauser*, 549 S.W.3d 816, 821 (Tex. App.—Fort Worth 2018, pet. denied).

In this instance, we do not know why the trial court reduced the amount of fees to the degree it did. But when, as here, no findings of fact or conclusions of law are requested or filed, we imply all facts necessary to support the judgment that are supported by the record. *M & F. Worldwide Corp. v. Pepsi–Cola Metro. Bottling Co.*, 512 S.W.3d 878, 885 (Tex. 2017). The record in this case is sufficient to support the trial court's reduction of the Barker and Trice's fees from the roughly $73,000 they requested to the $16,000 the trial court awarded. *See Schoeffler v. Denton*, 813 S.W.2d 742, 745 (Tex. App.—Houston [14th Dist.] 1991, no writ) (rejecting claim that trial court erred by reducing fees from $7,875 to $2,000 in case without fact-findings because judgment implied trial court found fee request "contradicted by attendant circumstances or in some way unreasonable").

### Conclusion

The majority concludes that a trial court errs if its fee award substantially differs from the amount requested when the request is supported by uncontroverted evidence of reasonableness, even though such evidence is not conclusive and even if the record discloses grounds on which the trial court may have reasonably found

that a reduction was warranted. That's a rule of thumb, not a rule of law. Like Potter Stewart and obscenity, the majority knows an unreasonably low award when it sees it. *See Jacobellis v. Ohio*, 378 U.S. 184, 197 (1964) (Stewart, J., concurring). But the trial court's exercise of discretion is meant to be free from this kind of second-guessing. As I do not agree that the Barker and Trice carried their burden to show that the trial court's fee award is arbitrary or unreasonable, I respectfully dissent.

Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Farris.

Justice Goodman, dissenting.