

## Fourth Court of Appeals
### San Antonio, Texas

**CONCURRING & DISSENTING OPINION**

No. 04-22-00232-CV

**CHAMPION FOOD SERVICE, INC.** and Champion Food Service 2, Inc.,
Appellants

v.

**PROALAMO FOODS, L.L.C.** and ProCoastal, L.L.C.,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-CI-10530
Honorable Antonia Arteaga, Judge Presiding

Opinion by:      Liza A. Rodriguez, Justice
Concurring & Dissenting Opinion by: Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice

Delivered and Filed: December 11, 2024

In overruling Champion's second issue, the majority primarily relies on the exception articulated in *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 882 (Tex. 1990) (per curiam), that an appellate court may award attorney's fees as a matter of law when the testimony on attorney's fees "is not contradicted by any other witness, or attendant circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon." However, in *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545,

548 (Tex. 2009), the Texas Supreme Court held that a court may not award uncontroverted attorney's fees as a matter of law if the attorney's fees are "unreasonable in light of the amount involved and the results obtained" because such "evidence d[oes] no more than raise a fact issue to be decided by the jury." I respectfully dissent to the majority's overruling of Champion's second issue because it errs in not applying the rule articulated in *Smith*.

In *Smith*, the plaintiff sought $215,391.50 in damages, $47,438.75 in trial attorney's fees, and $15,000 in appellate attorney's fees on a claim for breach of a lease agreement. *Id*. at 546. The jury awarded $65,000 in damages but no attorney's fees. *Id*. The trial court rendered a partial judgment notwithstanding the verdict ("JNOV") by awarding $7,500 in trial court attorney's fees and up to $15,000 in appellate court attorney's fees. *Id*. at 247. The appellate court, following *Ragsdale*, "vacated the $7,500 attorney's fee award and rendered judgment for $47,438.75 instead, holding that because the [the plaintiff] presented competent, uncontroverted evidence of its right to attorney's fees and because the [defendants] did not challenge the amount, nature, or necessity of these fees . . . the trial judge abused his discretion in awarding $7,500." *Id*. (internal quotation marks and citation omitted). The Texas Supreme Court appreciated that its holding in *Ragsdale* was an exception to the general rule that "the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the jury" and that its holding "cautioned that the factfinder had to consider the amount of money involved." *Id*. at 547–48 (internal quotation marks and citation omitted). The court also noted that it later "added a corollary: the factfinder should consider the amount involved and the results obtained, among other things." *Id*. at 548 (quoting *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)). The court held that "[b]ecause the fee is unreasonable in light of the amount involved and the results obtained, the evidence did no more than raise a fact issue to be decided

by the jury." *Id.* The Texas Supreme Court reversed the intermediate appellate court and remanded the case for a new trial on the plaintiff's request for attorney's fees. *Id*. at 549.

The jury in this case rejected the Pro Parties' breach of contract claim, but it accepted the Pro Parties' quantum meruit claim. The Pro Parties sought $73,052.95 under either claim[1] and $219,174 in attorney's fees for representation in the trial court. Instead, the jury awarded $46,396.58 and declined to award the Pro Parties any attorney's fees. Lastly, the jury accepted Champion's breach of contract claim against the Pro Parties, but it declined to award any damages on it.

The jury's award of $46,396.58 in quantum meruit damages is approximately sixty-three percent of the amount the Pro Parties sought. *Smith*, 296 S.W.3d at 548 ("Although the [plaintiff] sought some $215,000 in damages, the jury found that 'the amount involved' was much lower — $65,000."). Despite recovering $46,396.58, the Pro Parties' motion for JNOV continued to seek over four-and-half-times that amount — $219,174 — in attorney's fees for representation in the trial court. In comparison, the *Ragsdale* exception was applied in a case where the statutory penalty at issue was $40,000 and the attorney's fees were $22,500. *Ragsdale v. Progressive Voters League*, 790 S.W.2d 77, 86 (Tex. App.—Dallas), *aff'd in part, rev'd in part*, 801 S.W.2d 880 (Tex. 1990). In *Cale's Clean Scene Carwash, Inc. v. Hubbard*, 76 S.W.3d 784, 786 (Tex. App.—Houston [14th Dist.] 2002, no pet.), an opinion the Pro Parties emphasize but that pre-dates *Smith*, the jury awarded $31,846 in damages and the prevailing party sought $29,225 in attorney's fees. Thus, in both *Ragsdale* and *Cale's Clean Scene Carwash* the jury awarded more in damages than the attorney's fees sought by the prevailing party.

---

[1] The jury charge instructed the jury to assess the Pro Parties' quantum meruit claim only if it had rejected the Pro Parties' breach of contract claim.

Ultimately, the reasonableness of attorney's fees should be left to the factfinder because it is a fact question, within the province of the jury. *See Smith*, 296 S.W.3d at 547. A JNOV is proper only when the evidence establishes the reasonableness of fees as a matter of law. *See id.* We review a JNOV under a no-evidence standard. *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 15 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). Thus, we should affirm, based on the posture of this case, only if the evidence establishes the reasonableness of the fees awarded to the Pro Parties as a matter of law. *Id.*

Here, as in *Smith*, the "jury[] reject[ed] . . . a substantial portion of the damages sought." *Smith*, 296 S.W.3d at 548; *see also Farmers Group, Inc. v. Geter*, 620 S.W.3d 702, 713 (Tex. 2021) (quoting *Smith*, 296 S.W.3d at 548) ("'[T]he degree of success obtained' should, as always, be 'the most critical factor in determining reasonableness of a fee award.'"). Moreover, as the majority describes in greater detail, Champion's owner, Pasadena Ayala, recognized the need to limit Champion's fee request because considerations of "principle" propelled this litigation. *See Champion Food Serv., Inc. v. ProAlamo Foods, L.L.C.*, No. 04-22-00232-CV, Slip Op., 27 (Dec. 11, 2024, no pet. h.). Champion incurred high legal fees, which, for the majority, justified the Pro Parties' similarly high fees as reasonable and necessary as a matter of law. *Id.* at 30. However, "fees incurred" are not necessarily synonymous with "reasonable fees." *See Garcia v. Gomez*, 319 S.W.3d 638, 642 (Tex. 2010). More fundamentally, we should not place the burden upon Champion to prove that fees incurred by the Pro Parties were unreasonable as a matter of law, when it was the Pro Parties' burden to prove reasonableness as a matter of law to secure a JNOV and to defend it on appeal. *See B & W Supply*, 305 S.W.3d at 15; *Champion*, Slip Op. at 26, 28, 29.

In short, the matter should be returned to the factfinder. The *Ragsdale* exception should not displace the general rule that testimony of an interested witness does no more than raise a fact issue when, as here, attendant circumstances tend to cast suspicion on that testimony. *See Garcia*, 319 S.W.3d at 642–43 (holding uncontested testimony regarding attorney's fees was not conclusive); *Ragsdale*, 801 S.W.2d at 882. I would sustain Champion's second issue, hold that the trial court erred in granting the Pro Parties' motion for JNOV by awarding attorney's fees — for trial and appeal — where the jury did not, and remand for a new trial on the Pro Parties' request for trial and appellate attorney's fees. I, however, join in the majority's disposition of Champion's other issues. Therefore, I respectfully concur in part and dissent in part.

Rebeca C. Martinez, Chief Justice