# Supreme Court of Texas

No. 25-0350

Angela Kate Whittenburg Wang, et al.,

*Petitioners*,

v.

John Burkhart Whittenburg, et al.,

*Respondents*

On Petition for Review from the
Court of Appeals for the Seventh District of Texas

**Argued February 12, 2026**

JUSTICE BUSBY delivered the opinion of the Court.

Settlement agreements are "highly favored by the law." *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 60 (Tex. 2008). This case concerns the damages available when a party fails to comply with such an agreement.

Generally, a plaintiff who proves a breach of contract may recover actual damages that are "the natural, probable, and foreseeable consequence of the defendant's conduct." *Mead v. Johnson Grp.*, 615 S.W.2d 685, 687 (Tex. 1981). Following a bench trial, the court found

that defendants' breach of the settlement agreement caused plaintiffs to incur an extra $216,112 in reasonable and necessary attorney's fees in separate litigation. But the court declined to award those fees as damages in this case, and the court of appeals affirmed, concluding that the American Rule bars the recovery of attorney's fees as damages for breach of contract.

We disagree. Our precedent shows that the American Rule does not bar recovery of attorney's fees incurred in prior litigation as breach-of-contract damages so long as the breach was not a basis for the prior litigation. Because the fees here were incurred in a partition proceeding that was brought before the breach occurred, we reverse and render judgment awarding those fees as damages.

## BACKGROUND

Roy and Grace Whittenburg created separate trusts for each of their many grandchildren (the descendants). Each trust holds interests in a 200,000-acre ranch located in New Mexico and Colorado. For more than a decade, the descendants have been involved in multiple lawsuits regarding ownership of the ranch. To resolve several of these suits, the descendants signed a Partial Settlement Agreement (PSA), in which the parties agreed to cooperate in negotiating a partition in kind of the ranch. If the parties could not agree, they "stipulate[d] that the [New Mexico] Court shall instruct the Commissioners to partition in kind the deeded lands and the leasehold interests."

The parties could not reach a partition agreement and found themselves back in court. The parties then executed the Compromise Settlement Agreement (CSA) to "resolve ALL of the disputes and

2

controversies among them." The CSA incorporated the PSA by reference, providing that "further partition proceedings may be filed in accordance with the Partial Settlement Agreement" if the parties could not reach an agreement to partition in kind the ranch. The CSA also provided that "sole venue and jurisdiction for the enforcement of it shall be in Canyon, Randall County, Texas."

When the parties could not reach an agreement, one group of descendants (collectively "Angela Kate") filed partition proceedings in New Mexico (the New Mexico litigation) for the court to appoint commissioners to partition the land as agreed in the PSA. Another group of descendants (collectively "John Burk") challenged the partition, resulting in lengthy litigation. John Burk eventually consented to the partition, but it has not yet been accomplished, and the New Mexico litigation remains pending.

Angela Kate later brought this suit against John Burk for breaching the settlement agreements. She filed the suit in Randall County, Texas, as required by the CSA's forum selection clause. Angela Kate sought to recover damages resulting from John Burk's attempt to stop the partition, measured by the additional attorney's fees she incurred in the New Mexico litigation. Angela Kate also sought recovery of attorney's fees incurred in this suit under Section 38.001(b)(8) of the Civil Practice and Remedies Code.

Following a bench trial, the court found that the parties had stipulated to a "Partition in Kind Requirement" allowing the New Mexico court to "instruct the Commissioners to partition in kind the deeded lands and the leasehold interests." (Emphasis omitted.) The

3

court found that John Burk "failed to comply with the Partition in Kind Requirement in the New Mexico Litigation" by "assert[ing] positions that were totally at odds with the[] obligation to follow through in a straightforward manner with the stipulation." The trial court also found that John Burk's breach "caused [Angela Kate] to incur $216,112 in reasonable and necessary attorneys' fees in the New Mexico Litigation in excess of the amount . . . [Angela Kate] would have incurred . . . if [John Burk] had timely complied with the Partition in Kind Requirement." And the court found that Angela Kate had incurred $541,531.83 in reasonable and necessary attorney's fees in this suit and will incur up to $170,000 in reasonable and necessary appellate attorney's fees.

The trial court nonetheless rendered a take-nothing judgment against Angela Kate, concluding as a matter of law that "[t]he attorney's fees incurred by [Angela Kate] in the New Mexico Litigation do not constitute damages in this lawsuit." The court of appeals affirmed, concluding that attorney's fees incurred to address the breach of a settlement agreement are a non-compensable loss. 726 S.W.3d 516, 521-22 (Tex. App.—Amarillo 2025). We granted review.

ANALYSIS

Angela Kate raises two issues in her petition. First, she contends that she is entitled to recover as actual damages the portion of her attorney's fees in the New Mexico litigation incurred because of John Burk's breach of the settlement agreements. Second, Angela Kate argues that she is entitled to recover her attorney's fees incurred in this

4

suit because her claim is for breach of contract. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8).

John Burk responds that the American Rule bars recovery of attorney's fees unless authorized by contract or statute. Here, the settlement agreements do not include a fee-shifting provision, and the statute does not permit recovery of attorney's fees unless the plaintiff also recovers damages.

We first consider whether Angela Kate is entitled to recover part of her attorney's fees in the New Mexico litigation as damages for breach of contract. We then address whether she is entitled to recover her attorney's fees in this suit.

## I.    Damages for breach of a settlement agreement may include certain attorney's fees incurred in prior litigation.

Whether a plaintiff can recover attorney's fees as her only damages caused by a defendant's breach of a settlement agreement is a question of first impression in this Court. We address it in three steps. First, our precedent defining the damages available for breach of contract allows recovery of attorney's fees resulting from the breach of a settlement agreement. Second, the American Rule does not bar recovery of attorney's fees incurred in prior litigation as breach-of-contract damages if the breach was not a basis for the prior litigation. Third, applying that standard here, we conclude Angela Kate is entitled to recover a portion of her attorney's fees from the New Mexico litigation as breach-of-contract damages because the fees arose in a prior proceeding that was not based on John Burk's breach.

5

### A. Angela Kate's additional attorney's fees incurred in the New Mexico litigation are actual damages caused by John Burk's breach.

Angela Kate sued John Burk for breach of the settlement agreements. "In an action for breach of contract, actual damages may be recovered when loss is the natural, probable, and foreseeable consequence of the defendant's conduct." *Mead*, 615 S.W.2d at 687. A loss is foreseeable when it "follow[s] predictably from the breach 'in the ordinary course of events'" or when it "arise[s] from 'special circumstances' that the party in breach 'had reason to know.'" *Signature Indus. Servs., LLC v. Int'l Paper Co.*, 638 S.W.3d 179, 186 (Tex. 2022) (quoting *Basic Cap. Mgmt., Inc. v. Dynex Com., Inc.*, 348 S.W.3d 894, 902 (Tex. 2011)).

The trial court found that John Burk's "failure to comply with the Partition in Kind Requirement in the New Mexico Litigation constituted a breach of the settlement agreement." The court also found that John Burk's breach "caused [Angela Kate] to incur $216,112 in reasonable and necessary attorneys' fees in the New Mexico Litigation."[1]

These excess attorney's fees are the natural, probable, and foreseeable consequence of John Burk's failure to comply with the settlement agreements. After more than a decade of litigation, the parties entered into the CSA "to resolve ALL of the disputes and controversies among them." The parties stipulated that if they could not agree on a partition in kind of the land, "the Court shall instruct the Commissioners to partition in kind the deeded lands and the leasehold

---

[1] These findings have not been challenged on appeal.

6

interests." Additional attorney's fees are the natural, probable, and foreseeable result of John Burk's attempt to stop the agreed-upon partition proceedings: instead of appointing commissioners and moving forward with the partition, the parties had to further litigate whether a partition was appropriate. John Burk's failure to comply with the Partition in Kind Requirement could only result in longer litigation and Angela Kate's incurring excess attorney's fees—the very result the PSA and CSA sought to avoid.[2] Accordingly, those fees constitute damages for breach of the settlement agreements.

## B. The American Rule does not bar recovery of prior attorney's fees as breach-of-contract damages when the breach was not a basis for the prior litigation.

We next consider whether the American Rule bars recovery of Angela Kate's damages because they are attorney's fees. We conclude that the Rule's scope, purpose, and application support permitting recovery of attorney's fees incurred in prior litigation as damages for breach of a settlement or similar agreement, such as a release or covenant not to sue.

Under the American Rule, "attorney's fees paid to prosecute or defend a lawsuit cannot be recovered *in that suit* absent a statute or contract that allows for their recovery." *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106, 120 (Tex. 2009)

---

[2] Attorney's fees incurred in a prior litigation could constitute direct or consequential damages, depending on the circumstances. The trial court and court of appeals characterized the attorney's fees at issue as consequential damages, and neither party challenges this characterization. *See* 726 S.W.3d at 518.

(emphasis added). We have explained that cases addressing the Rule "should not be read so broadly" as to make "attorney's fees expended in *prior litigation* . . . recoverable only when provided for by contract or agreement between the parties." *Id*. (emphasis added). Thus, "[i]f the *underlying* suit concerns a claim for attorney's fees as an element of damages, . . . then those fees may properly be included in a judge or jury's compensatory damages award." *In re Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d 168, 175 (Tex. 2013).

This Court has twice said that the American Rule does not always bar recovery of attorney's fees incurred in prior litigation as damages. In *Akin Gump*, a former client sued its lawyers for legal malpractice, alleging the lawyers negligently mishandled the trial, resulting in a verdict against the client including an award of attorney's fees. 299 S.W.3d at 110-11. We held that the American Rule did not bar recovery of attorney's fees incurred in the prior litigation as malpractice damages because the plaintiff "d[id] not seek to recover attorney's fees for prosecuting its malpractice suit" but rather sought "damages measured by the economic harm it suffered from [the defendant's] breach of its duty of care." *Id*. at 121.

In *Nalle Plastics*, a law firm sued its former client Nalle for breach of contract by failing to pay legal fees. 406 S.W.3d at 169. A jury found that Nalle breached the agreement and awarded damages and attorney's fees to the law firm. *Id*. To suspend enforcement pending appeal, Nalle deposited a check with the trial court. *Id*. The law firm complained that the judgment had not been superseded because Nalle's deposit did not include attorney's fees, which it argued were

compensatory damages. *Id.* We held that attorney's fees did not constitute compensatory damages in that case, but we "reject[ed] the idea that attorney's fees can *never* be considered compensatory damages." *Id.* at 174. And as noted above, we gave an example that fits this case: "If the *underlying* suit concerns a claim for attorney's fees as an element of damages, . . . then those fees may properly be included in a judge or jury's compensatory damages award." *Id.* at 175.

The American Rule's purpose of promoting meritorious litigation further supports the conclusion that attorney's fees incurred in a prior suit can be recoverable damages for breach of a settlement agreement. A primary justification for the American Rule is that parties "might be unjustly discouraged from instituting actions to vindicate their rights if the penalty for losing included the fees of their opponents' counsel." *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718 (1967). If the American Rule barred Angela Kate's recovery of the additional attorney's fees incurred in the New Mexico litigation as a result of John Burk's breach of the settlement agreement, Angela Kate would be unable to bring her meritorious breach-of-contract claim and would be left without a remedy.

Permitting recovery of attorney's fees as damages for breaching a settlement agreement also aligns with this Court's longstanding policy favoring settlement agreements. *See Forest Oil*, 268 S.W.3d at 60; *Transp. Ins. Co. v. Faircloth*, 898 S.W.2d 269, 280 (Tex. 1995) ("Settlements are favored because they avoid the uncertainties regarding the outcome of litigation, and the often exorbitant amounts of time and money to prosecute or defend claims at trial."). Often, the only

9

damages resulting from a breach of a settlement agreement are the expenses of further litigation. Parties will be less inclined to settle their claims if they cannot recover their damages in the event of a breach.

But we agree with the Supreme Court of the United States that "where an action *based on the same wrongful act* has been prosecuted by the plaintiff against the defendant to a successful issue, he can not in a subsequent action recover, as damages, his costs and expenses in the former action." *Summit Valley Indus., Inc. v. Loc. 112, United Bhd. of Carpenters & Joiners of Am.*, 456 U.S. 717, 726 (1982) (emphasis added) (quoting *Ritter v. Ritter*, 46 N.E.2d 41, 44 (Ill. 1943)). This Court has adopted a similar "single-action rule," under which "a defendant's wrongful conduct gives rise to a single, indivisible action in which the claimant must pursue all claims for all damages resulting from all injuries *that arise from the wrongful conduct*." *Regency Field Servs., LLC v. Swift Energy Operating, LLC*, 622 S.W.3d 807, 815 (Tex. 2021) (emphasis added). We therefore hold that the American Rule does not bar recovery of attorney's fees incurred in prior litigation as damages for the breach of a settlement agreement so long as that breach was not a basis for the prior litigation.

This narrow holding is material only to claims for breach of a settlement or similar agreement, such as a release or covenant not to sue. A plaintiff can already obtain attorney's fees for prevailing on a claim for breach of contract and recovering damages. TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8); *MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 666 (Tex. 2009). Settlement agreements, releases, and covenants not to sue are unique in that their goal is often to end

10

litigation. Therefore, unlike most contracts, a breach of one of these agreements often results in damages only in the form of attorney's fees. We see no indication that the American Rule was intended to bar recovery of damages for breach of a settlement agreement just because the damages happen to be attorney's fees incurred in separate litigation.

## C. John Burk's breach was not a basis for the New Mexico litigation.

Having held that attorney's fees incurred in prior litigation can be recoverable as breach-of-contract damages when that litigation is based on a different wrongful act, we must now determine whether John Burk's breach was a basis for Angela Kate's partition action in the New Mexico litigation. We conclude that it was not.

These parties were involved in prior partition suits in New Mexico and Colorado, which led to the execution of the PSA in 2010. After they failed to reach a partition agreement under the PSA, they became embroiled in five separate suits in Texas. Those suits ended with the execution of the CSA in 2013. Again, the parties failed to agree on a partition.

Angela Kate then initiated the New Mexico litigation against John Burk in 2021, asking the court to appoint commissioners to partition the ranch in accordance with the parties' agreements. The predominant dispute at issue in the New Mexico litigation was how to apportion ownership of the ranch.

In this Texas suit filed in 2022, however, Angela Kate complained of a new wrongful act: John Burk's breach of the PSA and CSA during the course of the New Mexico litigation. Angela Kate did not ask the

11

Texas trial court to partition the ranch or assess her ownership of the ranch. Instead, she alleged that John Burk challenged partition proceedings despite having contractually bargained away his right to do so. John Burk's breach was not a basis for the New Mexico litigation because the wrongful act—his attempt to stop the partition—did not occur until after the New Mexico litigation had already begun.

Ordinarily, plaintiffs should bring new claims related to pending ones in the same jurisdiction where the trial court is already familiar with the parties and issues. Indeed, we have "repeatedly prohibited" forum shopping as against public policy. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 260 (Tex. 2008); *Reliant Energy, Inc. v. Gonzalez*, 102 S.W.3d 868, 875 (Tex. App.—Houston [1st Dist.] 2003), *aff'd*, 159 S.W.3d 615 (Tex. 2005). But no gamesmanship appears in this case. Angela Kate could not bring this breach-of-contract suit in New Mexico—where the litigation in which the breach occurred is still pending—because she was contractually obligated under the CSA to bring it in Randall County, Texas.[3]

The Texas trial court concluded that John Burk breached his contractual obligations when he challenged the partition proceedings. Angela Kate is therefore entitled to recover as damages the portion of her attorney's fees from the New Mexico litigation incurred because of John Burk's breach of the settlement agreements.

---

[3] Angela Kate has requested recovery of attorney's fees from the court in the New Mexico litigation on equitable grounds. She concedes this is an alternative theory and that she is not entitled to a double recovery of any fees awarded as damages in this suit.

We emphasize that Angela Kate cannot recover all the attorney's fees she incurred in the New Mexico litigation; she can recover only those fees directly attributable to John Burk's breach by opposing the partition. The trial court found that Angela Kate incurred $216,112 in "reasonable and necessary attorneys' fees in the New Mexico Litigation *in excess of the amount* of reasonable and necessary attorneys' fees that [*she*] *would have incurred* in the New Mexico Litigation if [John Burk] had timely complied with the Partition in Kind Requirement." (Emphases added.) Angela Kate can recover only these excess fees as actual damages for breach.

We note that both sides have expended hundreds of thousands of dollars over four years litigating whether Angela Kate can recover the attorney's fees from the New Mexico litigation as damages. Such additional cost, time, and uncertainty can be avoided by specifying in settlement agreements whether fee shifting is available.

## II. Angela Kate is also entitled to attorney's fees incurred in this suit.

A prevailing party may recover reasonable attorney's fees, "in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." TEX. CIV. PRAC. & REM. CODE § 38.001(b)(8). To obtain fees under this statute, a litigant must "(1) prevail on a breach of contract claim, and (2) recover damages." *MBM Fin. Corp.*, 292 S.W.3d at 666.

Angela Kate prevailed on her claim for breach of contract as the trial court found that John Burk breached the settlement agreements. And we have just concluded that Angela Kate is entitled to actual

13

damages resulting from John Burk's breach, which the trial court found to be $216,112. Angela Kate is therefore entitled to her reasonable and necessary attorney's fees incurred in this suit.

The trial court found that Angela Kate incurred $541,531.83 in reasonable and necessary attorney's fees in litigating this suit to a final judgment. The trial court also found that up to $170,000 would be her reasonable appellate attorney's fees in the event of success at various levels of appeal. This results in a sum of up to $711,531.83 in attorney's fees for the present litigation.

We decline to render judgment for this amount, however. The trial court awarded Angela Kate $0 in actual damages for John Burk's breach of contract. We have now changed the results obtained to $216,112. John Burk had no reason to challenge the sufficiency of the evidence to support the reasonableness of a $711,531.83 fee award to recover $216,112 in damages because the trial court had rendered a take-nothing judgment and he prevailed in the court of appeals. We conclude he is entitled to an opportunity to do so.

When the "absolute value of the difference between the erroneous and correct amounts of damages" is significant, we cannot say with reasonable certainty that the finder of fact "was not significantly affected by the error" in determining a reasonable fee award. *Barker v. Eckman*, 213 S.W.3d 306, 314 (Tex. 2006). Even when a party introduces uncontradicted evidence of a reasonable hourly rate and the number of attorney hours necessary to achieve the results it is seeking at trial, the opposing party is entitled to challenge this evidence as insufficient to support a base lodestar fee award when there is a

significant change in the results actually obtained from the jury, trial court, or appellate court. *Id.* at 313-15; *see Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 500 n.12 (Tex. 2019) (explaining that when results obtained vary from those assumed in the base lodestar calculation, the "fact finder may determine whether the results obtained consideration necessitates an adjustment [to the base lodestar] to achieve a reasonable fee"); *Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 547-48 (Tex. 2009) (remanding for new trial on attorney's fees after significant change in results obtained despite "uncontradicted testimony" supporting fees). Indeed, we have identified "the degree of success obtained" as "the most critical factor in determining reasonableness of a fee award." *Farmers Grp. v. Geter*, 620 S.W.3d 702, 713 (Tex. 2021) (quoting *Smith*, 296 S.W.3d at 548). Accordingly, the trial court in this case (as trier of fact) should have an opportunity to reconsider the amount of reasonable and necessary attorney's fees in this suit in the first instance in light of the correct results obtained. *Barker*, 213 S.W.3d at 315.

## CONCLUSION

We reverse the court of appeals' judgment and render judgment based on the trial court's findings that Angela Kate is entitled to recover $216,112 in actual damages for John Burk's breach of contract. We remand the case to the trial court for further proceedings to form a

15

complete judgment, including reconsideration of an award of reasonable and necessary attorney's fees in this suit.

_____

J. Brett Busby
Justice

**OPINION DELIVERED:** May 15, 2026