Austin Mun. Fed. Credit Union 



 IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,


AT AUSTIN




 





NO. 3-93-034-CV





AUSTIN MUNICIPAL FEDERAL CREDIT UNION,



 APPELLANT


vs.





DANIEL A. JOHNSON COMPANY,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY



NO. 211711, HONORABLE STEVE RUSSELL, JUDGE PRESIDING



 



 Austin Municipal Federal Credit Union ("AMFCU") appeals an adverse judgment
rendered on a jury verdict awarding damages and attorney's fees to the Daniel A. Johnson
Company ("appellee") on a breach-of-contract claim. The question presented is whether the
parties formed a contract that prohibited videotaping of an employee-training program. 
Concluding that the parties did not form such a contract, we will reverse the trial-court judgment
and render judgment that appellee take nothing.



BACKGROUND


 Appellee is a management consulting company that provides instructional services,
including employee training. During the summer of 1991, representatives of AMFCU and
Barbara Johnson, an agent of appellee, discussed a training program for AMFCU supervisors. 
In early September, Johnson delivered a description of the proposed presentation (the "Proposal")
to AMFCU. Appellee included in its Proposal a section labelled "Terms," which set forth the
parties' general obligations--appellee would present a training program to certain supervisory
employees in exchange for AMFCU's consideration of $5,000. Neither the Proposal in general
nor the Terms in particular raised the matter of videotaping the training sessions.

 On January 6, 1992, Carlene Walden, a vice-president of AMFCU, telephoned
Johnson to inform her that she had secured the funding needed to proceed with the training
program. Walden also provided a list of program participants and expressed her enthusiasm for
the proposed training sessions. At that point, AMFCU had not mentioned its interest in
videotaping the sessions. On January 17, 1992, Deborah Mitchell, the executive secretary of
AMFCU's president, met with Johnson to deliver the signed Proposal and AMFCU's check for
$5,000. Johnson signed the Proposal and accepted the check. Either on or a few days before
January 17th, Mitchell conveyed to Johnson the message that Larry Strong, AMFCU's president,
wanted to videotape the program. Later on January 17th, following execution of the contract,
Strong spoke to Johnson and requested permission to videotape the sessions; Johnson refused to
present the program if a videocamera was running. Because of Johnson's refusal, AMFCU
stopped payment on the check and advised appellee that AMFCU would not proceed with the
training program.

 Appellee sued AMFCU for breach of a written contract. The jury found that
AMFCU and appellee had a contract, which AMFCU had breached. (1) Denying AMFCU's motion
for judgment non obstante veredicto (n.o.v.), the trial court rendered judgment on the verdict
awarding appellee damages and attorney's fees. On appeal, AMFCU advances three points of
error.



DISCUSSION


 By its first point of error, AMFCU contends that the trial court erred in denying
its motion for judgment n.o.v. We understand AMFCU to argue that no evidence exists to show
that the parties' contract prohibited videotaping; therefore, Johnson's refusal to conduct the
sessions in the presence of videotaping constituted a breach that excused AMFCU's performance. 
Neither party disputes that the executed written contract is completely silent as to videotaping. 
From this fact, appellee concludes that AMFCU was barred from videotaping the training
program, apparently assuming that whatever is not expressly authorized by a contract must be
prohibited. Appellee provides no authority for this principle, nor is this Court aware of any.

 On the contrary, when parties reduce their agreement to writing, the written
instrument is presumed to embody their entire contract, and the court should not read into the
instrument additional provisions unless it is necessary to effectuate the parties' intent as disclosed
by the contract as a whole. Danciger Oil & Ref. Co. v. Powell, 154 S.W.2d 632, 635 (Tex.
1941). We note that this case does not present an instance of an ambiguous contract, a term or
terms of which are subject to at least two equally reasonable interpretations. Rather, we are faced
with an instrument that entirely omits to treat a particular matter. "It is elementary that if there
is no ambiguity, the construction of the written instrument is a question of law for the Court." 
City of Pinehurst v. Spooner Addition Water Co., 432 S.W.2d 515, 518 (Tex. 1968) (citing Myers
v. Gulf Coast Minerals Management Corp., 361 S.W.2d 193, 196 (Tex. 1962)). Hence, we must
construe the contract as a matter of law to determine whether it prohibits videotaping.

 Because the written contract on which appellee sued includes no provision barring
videotaping, the success of appellee's position requires this Court to imply a provision to that
effect. Before a court will imply an additional term, it must appear either that the implied term
was so clearly within the parties' contemplation that they believed it unnecessary to express it in
writing or that it is necessary to imply the term to carry out the contract's full purpose. Danciger,
154 S.W.2d at 635; City of Austin v. Houston Lighting & Power Co., 844 S.W.2d 773, 784 (Tex.
App.--Dallas 1992, writ denied).

 From our review of the record, we do not believe that a term disallowing
videotaping was so clearly within the parties' contemplation that they thought it unnecessary to
address the matter in the written contract. Indeed, the record is replete with testimony that
AMFCU did not broach the subject of videotaping until the day the contract was executed or a
few days before. We cannot conclude that the parties had so clearly contemplated videotaping the
training sessions that they omitted from the contract a term addressing the matter. Rather, the
issue of videotaping is more accurately characterized as an afterthought, not considered during
the contract negotiations.

 We similarly reject the notion that it is necessary to imply a term of prohibition in
order to effect the contract's full purpose. The Proposal and the Terms indicate that the purpose
of the parties' contract was to improve the unsatisfactory level of communication and management
skills of AMFCU supervisory personnel and to provide for presentation of a training program for
AMFCU supervisors to achieve that goal. Specifically, the Proposal detailed a series of class
sessions, given over the course of approximately six months, on communication and interactive
skills, productivity, delegation of responsibility, and management techniques. We are not,
however, persuaded that the prohibition of videotaping was essential to accomplish the contract's
purpose.

 The Proposal reflects that the sessions would have required the program
participants to discuss candidly their specific problems as supervisors and to engage in role-playing to practice new skills. We recognize that the presence of a videocamera at the training
sessions could, to some degree, diminish the spontaneity and candor the participants might
otherwise display. But a videocamera can also be an effective tool in such training sessions,
helping participants acknowledge and alter poor interactive techniques. Therefore, we are unable
to conclude that the possible inhibitory effect of videotaping would so suppress the participants'
reactions as to cause the contract to fail of its purpose--to improve the supervisors' communication
and management abilities. We hold that no justification exists for implying in the parties' contract
a term prohibiting videotaping.

 Consequently, as Johnson had no basis under the written contract for refusing to
conduct the program in the presence of videotaping, we conclude that appellee repudiated its
contract with AMFCU. Repudiation consists in "such words or actions by a contracting party as
indicate that he is not going to perform his contract in the future." Group Life & Health Ins. Co.
v. Turner, 620 S.W.2d 670, 673 (Tex. Civ. App.--Dallas 1981, no writ) (quoting Samuel
Williston, Repudiation of Contracts, 14 Harv. L. Rev. 317 (1905)). Repudiation is conduct that
shows a fixed intention to abandon, renounce, and refuse to perform the contract. Moore v.
Jenkins, 211 S.W. 975, 976 (Tex. 1919). Given that the contract failed to justify Johnson's
refusal to perform, we hold that AMFCU was warranted in treating Johnson's refusal as a
repudiation of their agreement. AMFCU was, therefore, excused from funding the $5,000 check.



CONCLUSION


 For these reasons, we sustain AMFCU's first point of error and hold that the trial
court should have rendered judgment for AMFCU as a matter of law. Because of our disposition
of AMFCU's first point, we need not reach its other points of error. We reverse the trial-court
judgment and render judgment that appellee take nothing.



 

 Bea Ann Smith, Justice

[Before Justices Powers, Kidd and B. A. Smith]

Reversed and Rendered

Filed: August 11, 1993

[Do Not Publish]
1. [1] The relevant portion of the charge, Question No. 1, asks, "Did Austin Municipal
Federal Credit Union breach its contract, if any, with Daniel A. Johnson Company?"