**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 01-41104**
**Summary Calendar**
_____


**SCENIC GALVESTON, INC.,**
            **Plaintiff--Counter-Defendant--Appellee,**

                    **versus**

**INFINITY OUTDOOR, INC.,**
    **formerly known as Outdoor Systems, Inc.,**
            **Defendant--Counter-Plaintiff--Appellant.**

_____

**Appeal from the United States District Court**
**for the Southern District of Texas**
**00-CV-751**
_____

April 8, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

        Scenic Galveston, Inc., brought this declaratory judgment

action seeking a determination that Infinity Outdoor, Inc., had

terminated a lease agreement governing the erection and maintenance

of billboards.    Having determined that Infinity Outdoor

unambiguously exercised its option to terminate the lease, the

_____

        [*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

district court granted summary judgment for Scenic Galveston.  We affirm.

I

Scenic Galveston, Inc., is a Texas non-profit corporation dedicated to curbing the proliferation of billboards.  In 1998, Scenic Galveston purchased property along Interstate 45 in Galveston County that was subject to a 40-year lease agreement regarding billboards.  Scenic Galveston acquired all rights as lessor.  Infinity Outdoor, Inc. ("Infinity"), a Delaware corporation whose principal place of business is Arizona, is the successor in interest to the original lessee.

The lease agreement provided that the lessee could erect and maintain billboards at eight sites.  In return, the lessee agreed to pay $495 a month as rent.  For the purposes of this lawsuit, the most significant provision of the agreement is the lessee's option to terminate the lease agreement if the lessee were "prevented by authorities having jurisdiction . . . from constructing or maintaining its advertising structures."

Soon after acquiring the property, Scenic Galveston began notifying the Texas Department of Transportation that some of the billboards were not in compliance with state regulations.  In the summer of 2000, the Texas Department of Transportation ordered that at least two of Infinity's billboards be removed.  The real estate manager of Infinity Outdoor then wrote to Scenic Galveston on August 24, 2000: "The court has ruled that the signs must come down

2

and not be replaced. Therefore, **we are hereby terminating our lease with you and no future rent payments will be made**." (Emphasis added.) Infinity points out that, although the quoted passage refers to "signs," the letter specifically discusses only one of the six billboards that Infinity was operating at the time. Moreover, in spite of their declaration that they would no longer pay rent, Infinity wrote a check on September 1, 2000, for $412.50, which reflects a one-sixth reduction of the usual rental payment of $495. Scenic Galveston deposited this check, along with another prorated rent check for $412.50 in early October.

On October 4, 2000, an attorney for Scenic Galveston wrote to Infinity and acknowledged Infinity's letter of August 24th. Scenic Galveston's letter, after referring to the termination provision in the lease agreement, states that "Scenic Galveston accepts the termination of the lease by Infinity Outdoor. Please remove any remaining billboards from the subject property within 30 days of your receipt of this letter." Scenic Galveston then refunded the two payments made after August 24.

Infinity refused to remove the billboards. Infinity insisted that they did not want to terminate the entire lease and that "the only lease canceled was for the sign required to be taken down." Infinity now admits, however, that the terms of the lease agreement do not allow any kind of partial termination of the agreement.

3

Scenic Galveston filed a declaratory judgment action, which Infinity removed to federal court. The district court entered summary judgment for Scenic Galveston.

II

We review the district court's grant of summary judgment de novo. Horton v. City of Houston, 179 F.3d 188, 191 (5th Cir. 1999); Fed. R. Civ. P. 56(c).

The question is whether Infinity's letter of August 24 was sufficient to exercise its option to terminate the lease. Texas courts have recognized that

> A reservation in a contract, of a right in behalf of one of the parties to rescind, is a valid stipulation. Upon the exercise of the option, the rights of the parties under the contract terminate; the other party cannot insist on further performance and is bound to restore whatever consideration he may have received under the contract.

Rigsby v. Boone County State Bank of Lebanon, Ind., 241 S.W. 207, 210 (Tex. Civ. App. -- Amarillo 1922, no writ). "An option to cancel or rescind a contract must be exercised in strict compliance with its terms." Stretcher v. Gregg, 542 S.W.2d 954, 957 (Tex. Civ. App. -- Texarkana, 1976).

The terms of this contractual provision are clear and undisputed. First, the right of termination is conditional: The lessee has the right to terminate when a government official prevents the lessee from building or maintaining a billboard. The parties agree that this condition was met. Second, the lease agreement does not contemplate a partial termination; if the lessee

4

exercises this option, he would void the entire agreement. Third, the lease agreement does not place any restrictions on how the lessee must give notice of cancellation.

The only question, to repeat, is whether Infinity actually exercised this option to terminate. Looking to the objective manifestations of intent, we agree with the district court that the August 24th letter -- which declared, "we are hereby terminating our lease with you" -- constitutes a valid exercise of the option. When this letter was sent, the rights and obligations of both parties terminated, and Scenic Galveston had the right to demand that the billboards be removed from its property. Infinity's later statements that they had actually intended a partial termination of the lease are not relevant. See Derr Construction Co. v. City of Houston, 846 S.W.2d 854, 861 (Tex. App. -- Houston [14th Dist.] 1992, no writ)(emphasizing that "objective, not subjective, intent controls"); Republic Nat. Bank of Dallas v. National Bankers Life Ins. Co., 427 S.W.2d 76, 80 (Tex. Civ. App. -- Dallas 1968, writ ref'd n.r.e.)("[T]he question is not what the parties meant to say but the meaning of what they did say.").

Infinity attempts to frame the issue as the "repudiation" or "anticipatory breach" of the lease agreement. Infinity thus contends that the contract was not repudiated because some of the evidence -- especially the payment of partial rent -- does not show a "fixed intention to abandon, renounce, and refuse to perform" its

5

obligations under the contract. <u>Group Life & Health Ins. Co. v. Turner</u>, 620 S.W.2d 670, 672-73 (Tex. Civ. App. -- Dallas 1981, no writ). However, repudiation requires that the party who refuses to perform does so "without just excuse." <u>Id.</u> at 673. Infinity was not breaching the lease agreement without cause; instead, they were merely exercising their contractual right -- pursuant to the lease agreement -- to cancel the agreement.

Infinity also contends that their offer and Scenic Galveston's acceptance of the two prorated rent payments constitutes a modification of the parties' long-term lease agreement. However, because a change in the amount of rent constitutes a material modification of the agreement, the statute of frauds requires that such an alteration of the agreement be evidenced by a writing. <u>See</u> <u>Foster v. Mutual Savings Ass'n</u>, 602 S.W.2d 98, 100 (Tex. Civ. App. -- Fort Worth 1980, no writ), *cited in* <u>Horner v. Bourland</u>, 724 F.2d 1142, 1148 (5th Cir. 1984). No writing exists in this case.

## III

For the foregoing reasons, we conclude that Infinity exercised its right to terminate the lease agreement. The summary judgment for Scenic Galveston is therefore AFFIRMED.