**REVERSE AND RENDER IN PART; AFFIRM IN PART; and Opinion Filed October 10, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

No. 05-23-00583-CV
_____

**BESSIE HARRISON, Appellant**
**V.**
**BLUE MOUNTAIN PROPERTY VENTURES LLC, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-03339**

## MEMORANDUM OPINION

Before Justices Molberg, Breedlove, and Kennedy
Opinion by Justice Kennedy

Bessie Harrison appeals the trial court's final judgment in favor of appellee Blue Mountain Property Ventures LLC ("Blue Mountain") in a suit involving a proposed sale of real property ("Property") pursuant to a written contract ("Contract"). Both parties asserted breach-of-contract claims and Blue Mountain sought specific performance of the Contract. In her first and second issues, Harrison urges the trial court erred in finding against her on her breach-of-contract claim and awarding Blue Mountain specific performance because Blue Mountain breached the Contract by making the earnest money payment to a title company and agent other

than the ones specified in the Contract and by failing to tender the purchase price. In her third issue, Harrison challenges the sufficiency of the evidence supporting the trial court's award of conditional appellate fees to Blue Mountain. In her fourth and final issue, Harrison asserts certain findings of fact set forth in the judgment are ambiguous, untrue, and improper under the rules of civil procedure. In a single cross-issue, Blue Mountain asserts the trial court erred by not awarding it the full amount of attorney's fees it sought at trial. We reverse the portion of the trial court's judgment awarding conditional appellate fees to Blue Mountain, render judgment that Blue Mountain take nothing on its claims for conditional appellate attorney's fees, and affirm the remainder of the judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP. P. 47.2(a), 47.4.

## BACKGROUND

On November 20, 2020, Harrison and Blue Mountain executed the Contract pursuant to which Harrison agreed to sell the Property to Blue Mountain for $47,000. On November 30, Blue Mountain deposited a check for $500 with Diverse Title despite the fact that the Contract provided, "The buyers would deposit $500 earnest money with Secured Title of Texas." On or about December 21, Matthew Bruner, the part-owner/managing member of Blue Mountain, received a voicemail from Harrison in which she stated she was no longer willing to sell the Property to Blue Mountain.

On March 15, 2021, Blue Mountain filed suit against Harrison, asserting a claim for breach of contract and seeking specific performance and, in the alternative, monetary damages. Harrison answered and asserted general and specific denials, as well as a counterclaim for breach of contract. On March 21, 2023, the trial court conducted a bench trial and later signed a judgment on March 31, 2023, finding in favor of Blue Mountain on its breach-of-contract claim against Harrison and awarding title and possession of the Property to Blue Mountain, as well as $25,000 in attorney's fees, $2,815.76 in costs, and conditional appellate attorney's fees. Harrison requested findings of fact and conclusions of law and filed a notice of past due findings of fact and conclusions of law, but the trial court did not file any in response thereto nor sign any proposed findings of fact and conclusions of law. Harrison filed a motion to modify the judgment or for new trial, which was overruled by operation of law. This appeal followed.

## DISCUSSION

### I. Blue Mountain was not barred from seeking specific performance.

#### A. *Standard of Review*

In her first and second issues, Harrison urges Blue Mountain breached the Contract by paying the earnest money to a different title company and agent than the one specified in the Contract and by failing to tender the purchase price such that it is barred from seeking specific performance. Without citing any authority, Harrison asserts the proper standard of review is abuse of discretion, urging the trial court

acted unreasonably and without reference to any guiding principles of law in failing to apply the clear terms of the contract. Blue Mountain responds the proper standard of review is to review the legal and factual sufficiency of the evidence supporting court's findings. *See Tex. Outfitters Ltd., LLC v. Nicholson*, 572 S.W.3d 647, 653 (Tex. 2019) ("A trial court's findings of fact issued after a bench trial have the same weight, and are judged by the same appellate standards, as a jury verdict.").

When properly requested, the trial court has a mandatory duty to file findings of fact. *Landerman v. State Bar of Tex.*, 247 S.W.3d 426, 430 (Tex. App.—Dallas 2008, pet. denied) (citing TEX. R. CIV. P. 296, 297; *Nev. Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 77 (Tex. App.—El Paso 2005, no pet)). If the trial court fails to file mandatory findings of fact and conclusions of law after a proper request, the failure is presumed harmful unless the record affirmatively shows the complaining party suffered no injury. *Brinson Benefits, Inc. v. Hooper*, 501 S.W.3d 637, 644 (Tex. App.—Dallas 2016, no pet.) (citing *Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989)). An appellant is harmed if, under the circumstances of the case, it must guess at the reason the trial court ruled against it. *Id.* (citing *Midwest Med. Supply Co., L.L.C. v. Wingert*, 317 S.W.3d 530, 535 (Tex. App.—Dallas 2010, no pet.)).

However, Harrison does not complain on appeal that the trial court erred by failing to file any findings of facts or conclusions of law. In its judgment, the trial court included some "findings" that Harrison as part of her fourth issue complains

–4–

were improperly included in the judgment, but she does not complain that she was forced to guess at the reason the trial court ruled against her. Even if she had complained, we would not conclude that she was thus harmed by the trial court's failure to file separate findings of fact and conclusions of law because, on the record in this case, Harrison has no reason to guess at why the trial court ruled in favor of Blue Mountain on its claim and against her on her counterclaim. We overrule that portion of her fourth issue and address the remaining portion later in this opinion.

When there are no findings of fact despite a timely request, an appellate court presumes that a trial court made all the findings necessary to support its judgment. *In re State for J.M.P.*, 687 S.W.3d 746, 755 (Tex. App.—Dallas 2024, no pet.) (citing *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 135 (Tex. 2017)). A party may rebut this presumption by demonstrating that the record evidence does not support a presumed finding. *Id.* (citing *Ad Villarai*, 519 S.W.3d at 135).

These presumed findings may be challenged for legal and factual sufficiency where, as here, a reporter's record is included in the record on appeal, similarly to how we review implied findings. *See Odela Grp., LLC v. Double-R Walnut Mgmt., L.L.C.*, No. 05-16-00206-CV, 2017 WL 1360209, at *2 (Tex. App.—Dallas Apr. 12, 2017, no pet.) (mem. op.) (citing *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989) (per curiam)); *see also Quintanilla v. ANG Rental Holdings Series, LLC-Series Redeemer*, No. 05-20-00062-CV, 2021 WL 3625075, at *2 (Tex. App.—Dallas Aug. 16, 2021, no pet.) (citing *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d

471, 480 (Tex. 2017)). We review implied findings by the same standards we use in reviewing the sufficiency of the evidence to support a jury's answers or a trial court's fact findings. *Odela Grp.*, 2017 WL 1360209, at *2 (citing *Robinson*, 768 S.W.2d at 281). In conducting a legal sufficiency review, we must determine whether the evidence would enable the factfinder to reach the determination under review. *Id.* (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). We will not disturb a finding for factual insufficiency unless the evidence in support of the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Id.* (citing *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001) (per curiam)). In the absence of findings of fact and conclusions of law, the judgment of the trial court must be affirmed if it can be upheld on any available legal theory that finds support in the evidence. *Id.* (citing *Rosemond v. Al–Lahiq*, 331 S.W.3d 764, 766 (Tex. 2011) (per curiam)). We review the trial court's rulings on questions of law de novo. *See id.* (citing *Ferry v. Sackett*, 204 S.W.3d 911, 912 (Tex. App.–Dallas 2006, no pet.)).

### B. *Analysis*

In her first issue, Harrison urges Blue Mountain breached the Contract by paying the earnest money to a different title company and agent than the one specified in the Contract such that it is barred from seeking specific performance. Harrison argues Blue Mountain's payment to a different title company was a material breach because she lost her ability to have a mutually agreed, experienced,

–6–

neutral escrow agent and Blue Mountain's actions in unilaterally changing the agent and misstating that it had deposited the funds with the contracted for agent was not in good faith. Blue Mountain responds it substantially complied with its obligations and that Harrison waived any objection to the different title company and agent after receiving notice on December 2, 2020, of the deposit with a different agent.

"[T]o be entitled to specific performance, the plaintiff must show that it has substantially performed its part of the contract, and that it is able to continue performing its part of the agreement. The plaintiff's burden of proving readiness, willingness and ability is a continuing one that extends to all times relevant to the contract and thereafter." *See DiGiuseppe v. Lawler*, 269 S.W.3d 588, 594 (Tex. 2008) (quoting 25 RICHARD A. LORD, WILLISTON ON CONTRACTS § 67:15, at 236–37 (4th ed. 2002)). The doctrine of substantial performance is an equitable doctrine that allows breaching parties who have substantially completed their obligations to recover on a contract for the opposing party's breach. *See Mag Instrument, Inc. v. G.T. Sales Inc.*, 294 S.W.3d 800, 807 (Tex. App.—Dallas 2009, pet. denied) (citing *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990) (per curiam); *RAJ Partners, Ltd. v. Darco Constr. Corp.*, 217 S.W.3d 638, 643 (Tex. App.—Amarillo 2006, no pet.)).

Here, the Contract provided that Blue Mountain "must deliver $500 as earnest money to Secured Title of Texas, as escrow agent, at 14800 Quorum Dr Suite 470 Addison, TX 75001." At the bench trial, Bruner testified that when he prepared the

Contract, he believed the agent he had been working with on the sale of the Property, Brittani Epps, worked at Secured Title, and that when the Contract was signed, he sent payment for the earnest money to Epps at the address listed in the Contract. Epps testified that prior to November 2020 she worked for Secured Title at 5057 Keller Springs and that beginning November 1, 2020, she worked for Diverse Title at 14800 Quorum. While she still had some open files with Secured Title, she could not open any new files under the name Secured Title after November 1. She testified that on November 30, she received a check for the earnest money for the sale of the Property. The record contains a copy of the check dated November 30 and made out to Diverse Title in the amount of $500. Bruner testified the completed receipt was mailed to Harrison. We conclude the foregoing evidence is legally and sufficient to support the trial court's presumed finding that Blue Mountain substantially performed its part of the contract.

As part of her first issue, Harrison also argues that Blue Mountain's failure to deposit the earnest money with the title company named in the Contract and substitution of another title company was a prior material breach that excused her performance on the Contract. She cites the five factors identified by the supreme court as significant in determining whether a failure to perform is material:

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;

> (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;

(c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;

(d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of the circumstances including any reasonable assurances;

(e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Mustang Pipeline Co., Inc. v. Driver Pipeline Co., Inc.*, 134 S.W.3d 195, 199 (Tex. 2004) (per curiam) (citing Restatement (Second) of Contracts § 241 (1981)). Harrison bore the burden to prove prior material breach as her affirmative defense. *See Pack Props. XIV, LLC v. Remington Prosper, LLC*, No. 05-22-01211-CV, 2024 WL 2745902, at *9 (Tex. App.—Dallas May 29, 2024, no pet. h.) (mem. op.) (citing *Compass Bank v. MFP Fin. Servs., Inc.*, 152 S.W.3d 844, 851–52 (Tex. App.—Dallas 2005, pet. denied)).

The evidence regarding the materiality of Blue Mountain's breach included testimony from Harrison and Epps. Harrison testified she may have notified Blue Mountain she wanted to terminate the Contract because of "some problem with the escrow," but later testified she "didn't call anyone to say that." In her deposition testimony admitted as an exhibit at trial, Harrison denied having ever contacted anyone to object to Diverse Title as the escrow agent. Epps testified the earnest money provision of a real estate contract is an important provision and that it is a key part of the contract. She also testified that the Contract stated the buyer Blue Mountain was responsible for the expense of the owner's title policy, "[s]o they

choose what title company they want to close at." According to Epps, those are typical provisions in real estate contracts. We conclude that the presumed finding that Blue Mountain did not commit a prior material breach is supported by legally and factually sufficient evidence. Accordingly, Harrison failed to meet her burden to establish that Blue Mountain's deposit of the escrow funds with Diverse Title instead of Secured Title constituted a prior material breach of the Contract.

We overrule Harrison's first issue.

In her second issue, Harrison argues Blue Mountain breached the Contract by failing to tender the purchase price, such that it is barred from seeking specific performance. Blue Mountain responds that because the evidence established Harrison repudiated the Contract with her voicemail and subsequent phone call, Blue Mountain was excused from paying the purchase price before filing suit.

It is a general rule of equity jurisprudence in Texas that a party must show that he has complied with his obligations under the contract to be entitled to specific performance. *DiGiuseppe*, 269 S.W.3d at 594 (citing *Glass v. Anderson*, 596 S.W.2d 507, 513 (Tex. 1980)). As a consequence, a plaintiff seeking specific performance, as a general rule, must actually tender performance as a prerequisite to obtaining specific performance. *See id.* (citing *McMillan v. Smith*, 363 S.W.2d 437, 442–43 (Tex. 1962)). A corollary to this rule is that when a defendant refuses to perform or repudiates a contract, the plaintiff may be excused from actually tendering his or her performance to the repudiating party before filing suit for

–10–

specific performance. *Id.* In such a circumstance, a plaintiff seeking specific performance is excused from tendering performance pre-suit and may simply plead that performance would have been tendered but for the defendant's breach or repudiation. *Id.* (citing *McMillan*, 363 S.W.2d at 442–43; *Corzelius v. Oliver*, 220 S.W.2d 632, 635 (Tex. 1949); *Burford v. Pounders*, 199 S.W.2d 141, 143–44 (Tex. 1947)).

A repudiation or anticipatory breach occurs when a party's conduct "shows a fixed intention to abandon, renounce, and refuse to perform the contract." *Hunter v. PriceKubecka, PLLC*, 339 S.W.3d 795, 802 (Tex. App.—Dallas 2011, no pet.) (quoting *SAVA gumarska in kemijska industria d.d. v. Advanced Polymer Sci., Inc.*, 128 S.W.3d 304, 315 (Tex. App.—Dallas 2004, no pet.); *Grp. Life & Health Ins. Co. v. Turner*, 620 S.W.2d 670, 673 (Tex. App.—Dallas 1981, no writ)). The repudiation must be absolute and unconditional. *Id.* (citing *Bans Props., L.L.C. v. Hous. Auth. of City of Odessa*, 327 S.W.3d 310, 315 (Tex. App.—Eastland 2010, no pet.); *El Paso Prod. Co. v. Valence Operating Co.*, 112 S.W.3d 616, 621 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)).

Here, the evidence supports the trial court's presumed finding[1] that Harrison communicated she would not close in accordance with the Contract and thereby

---

[1] As part of the "findings" in the trial court's final judgment, the trial judge explicitly found that Harrison had "breached the Contract by communicating to [Blue Mountain] that [she] would not close in accordance with the Contract and thereby repudiating said Contract and by subsequently failing to convey the title to the Property by the closing date as required by the terms of the Contract." Additionally, the trial judge explicitly found that "prior to and at the time of said repudiation by [Harrison], [Blue Mountain] had

–11–

repudiated the Contract such that Blue Mountain was excused from tendering performance before filing this suit for specific performance and could simply plead that performance would have been tendered but for Harrison's breach or repudiation. At the hearing, Bruner testified regarding the voicemail Harrison left for him, indicating she was not going to sell the Property and about his subsequent phone calls, emails, and text messages in which he attempted to persuade Harrison not to default on the Contract. The evidence in the record also includes Harrison's voicemail.

In her reply brief, Harrison asserts that because the Contract requires all notices between the parties to be in writing such that any repudiation on her part that was communicated orally was ineffective. However, she does not cite any authority, and nor have we found any, to support her position that a written contract requiring notice in writing cannot be breached by a party's conduct that "shows a fixed intention to abandon, renounce, and refuse to perform the contract." *See Hunter*, 339 S.W.3d at 802 (quoting *SAVA gumarska in kemijska industria d.d.*, 128 S.W.3d at 315; *Grp. Life & Health Ins. Co.*, 620 S.W.2d at 673). As noted by the supreme

fully performed all its obligations under the Contract." "Texas Rule of Civil Procedure 299a provides that a trial court's findings of fact following a bench trial 'shall not be recited in a judgment,' but that if they are, separately filed 'findings of fact made pursuant to Rules 297 and 298 will control' to the extent of any conflict between the two." *In re A.E.J.*, No. 05-20-00340-CV, 2020 WL 5107293, at *4 (Tex. App.—Dallas Aug. 31, 2020, pet. denied) (mem. op.) (quoting TEX. R. CIV. P. 299a). "We acknowledge we have not been consistent in our interpretation of rule 299a." *Id.* (citing and comparing several opinions from this Court that held findings in the body of a judgment may not be considered on appeal with several other opinions from this Court that held such findings in the judgment have probative value and will be treated as valid findings). Because we conclude sufficient evidence supports the explicit and presumed findings supporting the judgment, we need not resolve any conflict at this time. *See* TEX. R. APP. P. 47.1, 47.4.

court, permitting a party to be excused from actually tendering performance to the repudiating party before filing suit for specific performance is an "exception to the general rule—that actual tender of performance is a prerequisite to obtaining specific performance." *See DiGiuseppe*, 269 S.W.3d at 594. The supreme court further noted: "This exception to the general rule . . . is grounded in the notion that actual pre-suit tender of performance should be excused when it would be a '*useless act, an idle ceremony,* or *wholly nugatory.*'" *See id.* (quoting *Wilson v. Klein*, 715 S.W.2d 814, 822 (Tex. App.—Austin 1986, writ ref'd n.r.e.)). "This Court acknowledged this reasoning in *Burford*: [I]t appears to be quite well settled that a formal tender is excused where a tender would be a useless and idle ceremony; and that a tender is also excused where defendant repudiates the contract. . . ." *Id.* (citing 199 S.W.2d at 145 (citation and internal quotation marks omitted); *Regester v. Lang*, 49 S.W.2d 715, 717 (Tex. Comm'n App. 1932, holding approved) (holding that tender of performance before bringing suit is not required when it would be a "vain and useless thing" given defendant's open repudiation of the contract")). Accordingly, we reject Harrison's argument.

Having concluded legally and factually sufficient evidence supports the trial court's finding that Blue Mountain's tender of the purchase price was excused by Harrison's conduct repudiating the Contract, we overrule Harrison's second issue.

**II.** **The award of conditional appellate fees was not supported by sufficient evidence.**

In her third issue, Harrison challenges the sufficiency of the evidence supporting the trial court's award of conditional appellate fees to Blue Mountain.

Texas follows the American Rule and permits a party to recover attorney's fees only if provided by a contract or statute. *Hejin Hong v. Nations Renovations, LLC*, No. 05-15-01036-CV, 2016 WL 7473900, at *6 (Tex. App.—Dallas Dec. 29, 2016, pet. denied) (mem. op.) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310–11 (Tex. 2006)). Chapter 38 of the civil practice and remedies code allows a party to recover reasonable attorney's fees "*in addition to* the amount of a valid claim" if the claim is for an oral or written contract, services rendered, labor performed, or other specified claims. *See* TEX. CIV. PRAC. & REM. CODE § 38.001 (emphasis added). Additionally, the parties agree the Contract provides that any party that "prevails in any legal proceeding related to this contract is entitled to recover reasonable attorney fees and all costs of such proceeding."

The award of attorney's fees generally rests in the sound discretion of the trial court. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 761 (Tex. 2012) (citing *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam)). When reviewing a trial court's award of attorney's fees, we must ensure the record contains sufficient evidence to support such an award. *Yowell v. Granite Operating Co.*, 620 S.W.3d 335, 354 (Tex. 2020) (citing *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 505 (Tex. 2019)). The party seeking attorney's

–14–

fees bears the burden of proof and must supply enough facts to support the reasonableness of the amount awarded. *Id.* (citing *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 762–63 (Tex. 2012)). If there is insufficient evidence in the record to uphold the trial court's award of those fees, we must reverse. *Id.* (citing *See El Apple I, Ltd.*, 370 S.W.3d at 763–64).

To recover fees for contingent appellate services, a party must "provide opinion testimony about the services it reasonably believes will be necessary to defend the appeal and a reasonable hourly rate for those services." *Yowell*, 620 S.W.3d at 355; *see also MRT of Kemp TX-SNF, LLC v. Lloyd Douglas Enters., LLC*, No. 05-23-00574-CV, 2024 WL 4052334, at *3 (Tex. App.—Dallas Sept. 5, 2024, no pet. h.). At the bench trial, counsel for both parties testified as to attorney's fees. However, counsel for Blue Mountain testified and offered evidence only as to legal work performed on this case and not any estimated amount to be incurred in the event of an appeal to an intermediate court or to the supreme court. Thus, Blue Mountain failed to offer any evidence to support its request for contingent appellate fees.

Blue Mountain argues that the evidence offered by Harrison's counsel in support of her request for an award of contingent appellate fees is sufficient to support the trial court's award to Blue Mountain. *See La Ventana Ranch Owners' Ass'n, Inc. v. Davis*, 363 S.W.3d 632, 651 (Tex. App.—Austin 2011, pet. denied) (determining factual sufficiency of evidence to support attorney's fee award). We

–15–

conclude the case cited by Blue Mountain, even were it controlling on this Court, is distinguishable because the evidence of opposing counsel was testimony about the reasonableness of the proponent's time spent on the case not about contingent appellate fees. And we have not found any authority to support Blue Mountain's urging that we consider Harrison's counsel's evidence concerning contingent appellate fees sufficient to support the conditional appellate award in favor of Blue Mountain.

Blue Mountain pleaded for attorney's fees and prevailed on its claim, including breach of contract, for which attorney's fees were recoverable by statute and contract. Because Blue Mountain failed to offer any evidence to support the conditional award of appellate fees, we sustain Harrison's third issue, reverse the portion of the judgment awarding appellate fees, and render judgment that Blue Mountain take nothing on its claim for conditional appellate fees. *See Assoun v. Gustafson*, 493 S.W.3d 156, 168 (Tex. App.—Dallas 2016, pet. denied); *see also* TEX. R. APP. P. 43.3 ("When reversing a trial court's judgment, the court must render the judgment that the trial court should have rendered, except when: (a) a remand is necessary for further proceedings; or (b) the interests of justice require a remand for another trial."); *cf. Apple Tex. Rests., Inc. v. Shops Dunhill Ratel, LLC*, No. 05-20-01052-CV, 2022 WL 883907, at \*6 (Tex. App.—Dallas Mar. 25, 2022, pet. denied) (mem. op.), reh'g denied (May 25, 2022) (remanding issue of appellate attorney's

fees to trial court for redetermination after concluding evidence legally insufficient based on *Yowell*).

We, therefore, sustain Harrison's third issue to the extent we reverse the awards of conditional appellate attorney's fees and render judgment that Blue Mountain take nothing on its claims for conditional appellate attorney's fees.

## III. Any error in including findings in the final judgment was harmless.

In her fourth and final issue, Harrison argues certain findings of fact in the judgment were improper under the rules of civil procedure, ambiguous, and untrue. She challenges the following findings included in the final judgment:

> The Court FURTHER FINDS that Defendant breached the Contract by communicating to Plaintiff that Defendant would not close in accordance with the Contract and thereby repudiating said Contract and by subsequently failing to convey the title to the Property by the closing date as required by the terms of the Contract.

> The Court FURTHER FINDS that, prior to and at the time of said repudiation by Defendant, Plaintiff had fully performed all its obligations under the Contract.

> The Court FURTHER FINDS that at all relevant times, despite Defendant's repudiation and breach of the Contract, Plaintiff was and is ready, willing, and able to perform its obligations under the Contract, specifically the payment of the purchase price for the Property.

More specifically, she argues those findings were impermissible and invalid under Texas Rule of Civil Procedure 299a and should be stricken from the final judgment.

Rule 299a provides that findings of fact following a bench trial "shall not be recited in a judgment," but that if they are, separately filed "findings of fact made pursuant to Rules 297 and 298 will control" to the extent of any conflict between the

two. *See* TEX. R. CIV. P. 299a. As discussed above, we concluded Harrison was not harmed by the trial court's failure to file separate findings of fact and overruled that portion of her fourth issue.

In a second part of her fourth issue, Harrison argues the first quoted finding was ambiguous because of the use of the word "communicating," which could include oral, written, or other means of communications. Such argument, however, reiterates her contentions in her second issue, namely, that evidence she orally repudiated the Contract was insufficient to support the trial court's finding that Blue Mountain's tender of the purchase price was excused by Harrison's conduct repudiating the Contract. Finally, in the remainder of her fourth issue, Harrison argues the challenged findings are untrue. She reurges that her oral repudiation was insufficient notice under the term of the Contract requiring written notice and further reurges her arguments regarding whether Blue Mountain substantially performed when it failed to deposit the purchase price and failed to pay the escrow funds to Secured Title. Having already rejected these arguments above, we need not consider them further.

We overrule Harrison's fourth issue.

## IV. The trial court did not err in its award of attorney's fees to Blue Mountain.

In a single cross-issue, Blue Mountain asserts the trial court erred by not awarding it the full amount of attorney's fees it sought at trial. Blue Mountain argues the trial court abused its discretion by awarding $25,000 in attorney's fees in spite

of evidence in the record supporting $43,860 in attorney's fees.  Harrison responds the governing standard is the contract language of "reasonable" and that the trial court need not accept as true all of Blue Mountain's evidence.

Generally, a party seeking to recover attorney's fees carries the burden of proof to show reasonableness. *John A. Broderick, Inc. v. Kaye Bassman Int'l Corp.*, 333 S.W.3d 895, 906 (Tex. App.—Dallas 2011, no pet.) (citing *Smith v. Patrick W.Y. Tam Trust*, 296 S.W.3d 545, 547 (Tex. 2009)).  Whether an attorney's fee award is reasonable is a question of fact.  *See id.* (citing *Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998)).

"In awarding attorney's fees the trial court, as the trier of fact, must take into account various factors such as: the nature and complexity of the case; the nature of the services provided by counsel; the time required for trial; the amount of money involved; the client's interest that is at stake; the responsibility imposed upon counsel; and the skill and expertise required." *Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 547 (Tex. 2009) (quoting *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) (per curiam)).  Generally, "the testimony of an interested witness, such as a party to the suit, though not contradicted, does no more than raise a fact issue to be determined by the [factfinder]." *Id.* (quoting *Ragsdale*, 801 S.W.2d at 882; *Cochran v. Wool Growers Cent. Storage Co.*, 166 S.W.2d 904, 908 (Tex. 1942)).  The "exception to this rule . . . is that where the testimony of an interested witness is not contradicted by any other witness, or attendant

–19–

circumstances, and the same is clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true, as a matter of law." *Id.* (quoting *Ragsdale*, 801 S.W.2d at 882; *Cochran*, 166 S.W.2d at 908). "The court, as a trier of fact, may award attorney's fees as a matter of law in such circumstances, especially when the opposing party has the means and opportunity of disproving the testimony or evidence and fails to do so." *Id.* However, "even though the evidence might be uncontradicted, if it is unreasonable, incredible, or its belief is questionable, then such evidence would only raise a fact issue to be determined by the trier of fact." *Id.* at 547–48 (quoting *Ragsdale*, 801 S.W.2d at 882). To determine if the fee awarded is unreasonable, we consider the amount involved and the results obtained. *See id.* at 548.

Blue Mountain's evidence was not contradicted. That evidence included testimony that the hourly rates its counsel charged in this case at $300, $350, and $400 were reasonable and customary for the type of case and work and the geographical region, as well as the hourly rate for work performed by its paralegals, $150. Blue Mountain's counsel testified that up to two weeks before trial the attorneys had spent 105.9 hours for a total of $32,665 and the paralegals had spent 14.7 hours on the case for a total of $2,205.00. That counsel testified the amount of work performed from two weeks before trial through the end of trial was approximately 30 hours performed at an hourly rate of $300, for an additional

$9,000, for a total of $43,870.[2]  In contrast, Harrison's counsel testified his hourly rate was $400 and that he had spent approximately 59.5 hours on this case for a total of $23,800.

On cross-examination, Blue Mountain's counsel testified it filed a single cause of action: breach of contract.  In its petition, Blue Mountain sought specific performance of the Contract where the purchase price was $47,000, and in the alternative sought money damages, costs, expenses, prejudgment interest, and attorney's fees of more than $100,000 but not more than $200,000.  The trial court awarded specific performance, attorney's fees of $25,000, and costs of $2,815.76.

Blue Mountain urges the fees sought were "higher in this case largely because of the excessive and frivolous filings of the Defendant, including . . . six amended answers."[3]  At trial, Blue Mountain's counsel testified to the six amended answers and that "the preparation for [its] Motion for Summary Judgment was more extensive than it typically would have been because . . . the Defendant's Answers got amended another three times, so we kept having to go back and revise the Motion for Summary Judgment to reflect that."  He also testified there had been three or

---

[2] Although the evidence at trial supports an amount of $43,870, Blue Mountain argues in its brief the amount should be $43,860.  We acknowledge this difference but note it is immaterial to the resolution of this issue.

[3] In its cross-appellant reply brief, Blue Mountain also asserts the fees were higher in part because of "personal attacks and baseless claims against Plaintiff's counsel."  Blue Mountain's counsel did not testify as to either of these, nor does the record otherwise support them.  In any event, neither are among the factors to be considered for reasonableness of attorney's fees.  *See Smith*, 296 S.W.3d at 547; *see also Hizar*, 672 S.W.3d at 800 n.14 (listing factors considered in *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997)).

four trial settings, with work performed in preparation for each. The clerk's record supports that Harrison amended her answer five times and that she asserted a counterclaim for breach of contract and a plea for an award of attorney's fees pursuant to the Contract. Thus, the only claims at issue were each party's claim for breach of contract and the affirmative defenses asserted by Harrison. Further, the relief sought and obtained was title to the Property valued at $47,000.

We conclude that even though the evidence offered by Blue Mountain's counsel was uncontradicted, the trial court could have found it was unreasonable, incredible, or its belief questionable, in light of the amount involved and the results obtained, and in the absence of evidence that such fees were warranted due to circumstances unique to this case, such that it only raised a fact issue to be determined by the trial court judge. *See Smith*, 296 S.W.3d at 547–48. Given these facts of this case, we cannot say the trial court abused its discretion in its implicit determination that the amount of fees requested by Blue Mountain's counsel was unreasonable. Instead, the trial court was free to award the lesser amount. Accordingly, we overrule Blue Mountain's cross-issue.

## CONCLUSION

We reverse the portion of the trial court's judgment awarding conditional appellate fees to Blue Mountain, render judgment that Blue Mountain take nothing on its claims for conditional appellate attorney's fees, and affirm the remainder of the judgment.

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

230583F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BESSIE HARRISON, Appellant

No. 05-23-00583-CV     V.

BLUE MOUNTAIN PROPERTY
VENTURES LLC, Appellee

On Appeal from the 298th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-03339.
Opinion delivered by Justice
Kennedy. Justices Molberg and
Breedlove participating.

In accordance with this Court's opinion of this date, we **REVERSE** the portion of the trial court's judgment awarding conditional appellate fees to BLUE MOUNTAIN PROPERTY VENTURES LLC, **RENDER** judgment that BLUE MOUNTAIN PROPERTY VENTURES LLC take nothing on its claims for conditional appellate attorney's fees, and **AFFIRM** the remainder of the judgment.

It is **ORDERED** that appellee BLUE MOUNTAIN PROPERTY VENTURES LLC recover its costs of this appeal from appellant BESSIE HARRISON.

Judgment entered this 10th day of October 2024.